

COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON

ORDER

Appellate case name:  Bret Lee Gardner v. The State of Texas

Appellate case numbers:  01-13-00214-CR, 01-13-00215-CR, & 01-13-00216-CR

Trial court case numbers: 1336695, 1336696 & 1336697

Trial court:                 180th District Court of Harris County

During trial in the above-referenced causes, the trial court held a hearing on Bret Lee Gardner's motions to suppress evidence outside the presence of the jury. One of those motions challenged the voluntariness of Gardner's statements to the police and whether he was in custody at the time he made those statements. The record further reflects that the trial court failed to make findings of fact or conclusions of law related to Gardner's motion to suppress on these grounds.

"Under article 38.22 of the Texas Code of Criminal Procedure, '[i]n all cases where a question is raised as to the voluntariness of a statement of an accused, the [trial] court ... must enter an order stating its conclusion as to whether or not the statement was voluntarily made, along with the specific finding of fact upon which the conclusion was based, which order shall be filed among the papers of this cause.''' *Vasquez v. State*, 411 S.W.3d 918, 920 (Tex. Crim. App. 2013) (quoting Tex. Code Crim. Proc. Ann. art 38.22(3)).  An appellate court must abate an appeal for findings of fact when there is a challenge to a statement's voluntariness, even if neither party requested findings in the trial court. *Id.*

Accordingly, we abate the appeal and remand for the trial court to enter written findings of fact and conclusions of law, in conjunction with the trial court's denial of Evans's motion to suppress.  The trial court shall make the appropriate findings and conclusions and shall cause them to be filed with the trial court clerk within 30 days of the date of this order.  We further order the trial court clerk to

file a supplemental clerk's record containing the trial court's findings of fact and conclusions of law with this Court within 40 days of the date of this order.

Gardner will be permitted to file an amended brief within 30 days after the supplemental clerk's record is filed in this Court.

These appeals are abated, treated as closed cases, and removed from this Court's active docket. The appeals will be reinstated on this Court's active docket without further order of the Court when the supplemental clerk's record is filed in this Court.

It is so ORDERED.


Judge's signature:/s/ Jane Bland
                        Acting individually


Date:  February 3, 2014