COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Isaias Santos III v. The State of Texas

Appellate case number:    01-13-00461-CR

Trial court case number:  06-DCR-045164A

Trial court:              400th District Court of Fort Bend County

Appellant's brief in this case argues, among other things, that "the Court should find that the trial court committed error by denying Defendant's motion [to suppress] and the appeal should be abated and the trial court should be required to make the necessary findings supporting the denial of Defendant's motion to suppress." Appellant's Br. at 3.

On February 4, 2014, the State filed a "Motion to Remand the Case to the Trial Court for the Trial Court to Enter Written Findings of Fact and Conclusions of Law." The State's motion, which echoes a request in the appellant's brief for the same relief, is **granted**.

Isaias Santos, III, was convicted of capital murder and sentenced to life imprisonment by the trial court. During the trial, the trial court held a hearing on Isaias Santos's motion to suppress evidence outside the presence of the jury. Santos's motion challenged the voluntariness of his statements to the police. The record reflects that the trial court failed to make findings of fact or conclusions of law related to Santos's motion to suppress on these grounds.

"Under article 38.22 of the Texas Code of Criminal Procedure, '[i]n all cases where a question is raised as to the voluntariness of a statement of an accused, the [trial] court ... must enter an order stating its conclusion as to whether or not the statement was voluntarily made, along with the specific finding of fact upon which the conclusion was based, which order shall be filed among the papers of this cause.'" *Vasquez v. State*, 411 S.W.3d 918, 920 (Tex. Crim. App. 2013) (quoting Tex. Code Crim. Proc. Ann. art 38.22(3)). An appellate court must abate an appeal for findings of fact when there is a challenge to a statement's voluntariness, even if neither party requested findings in the trial court. *Id.*

Accordingly, we abate the appeal and remand for the trial court to enter written findings of fact and conclusions of law, in conjunction with the trial court's denial of Santos's motion to suppress. The trial court shall make the appropriate findings and conclusions and shall cause them to be filed with the trial court clerk within 30 days of the date of this order. We further order the trial court clerk to file a supplemental clerk's record containing the trial court's findings of fact and conclusions of law with this Court within 40 days of the date of this order.

Santos shall file an amended brief within 30 days after the supplemental clerk's record is filed in this Court. The State's brief is due within 30 days after Santos's amended brief is filed.

This appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket without further order of the Court when the supplemental clerk's record is filed in this Court.

It is so ORDERED.


Judge's signature: /s/ Justice Michael Massengale

☒ Acting individually    ☐ Acting for the Court


Date: February 6, 2014