

# Fourth Court of Appeals
## San Antonio, Texas

February 12, 2014

No. 04-12-00739-CR

Jose Guadalupe **MARTINEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 38th Judicial District Court, Real County, Texas
Trial Court No. 2010-1132-DR
Honorable Camile G. Dubose, Judge Presiding

## O R D E R

Sitting: Catherine Stone, Chief Justice
   Karen Angelini, Justice
   Luz Elena D. Chapa, Justice

   This appeal is set for oral argument and submission on February 19, 2014. For the reason that follows, the appeal is withdrawn from submission.

   On June 21, 2011, the trial court conducted a pretrial hearing on appellant's motion to suppress the oral and written statements he made during an interrogation by a law enforcement officer. At the conclusion of the hearing, the trial court made oral findings that:

   (1) appellant "came voluntarily to the interview;"
   (2) "[i]t was not coerced;" and
   (3) "the initiation of the interview was non-custodial."

The trial court requested counsel to provide briefing on whether the interrogation became custodial after appellant made his first admission, whether any unwarned custodial oral statement tainted the subsequent written confession, and whether the officer engaged in a deliberate two-step interrogation process. It appears the parties provided briefing as requested, and the trial court signed an order denying the motion to suppress. Appellant requested further findings of

fact from the trial court, but none appear in the record. On appeal, appellant argues the trial court erred by denying the motion to suppress.

The trial court is required to make written findings of fact "in all cases concerning voluntariness." *Vasquez v. State*, 411 S.W.3d 918, 920 (Tex. Crim. App. 2013). The court was obligated "to make findings and conclusions that were adequate and complete, covering every potentially dispositive issue that might reasonably be said to have arisen in the course of the suppression proceedings." *State v. Elias*, 339 S.W.3d 667, 676 (Tex. Crim. App. 2011). This court may not imply findings in support of the trial court's suppression order. *See id.*; *State v. Saenz*, No. PD-0043-13, 2013 WL 5729973 (Tex. Crim. App. Oct. 23, 2013)(court of appeals must abate for additional findings when trial court's findings regarding the circumstances of interrogation are insufficiently specific or detailed from which to reach a legal conclusion on the question of custody).

We therefore withdraw the appeal from submission, abate the appeal, and remand the case to the trial court to make the following determinations and to make detailed written findings of fact that support each such determination:

(1) whether appellant's statements to the officer were made freely and voluntarily and without compulsion or persuasion;

(2) whether the interrogation became custodial when appellant first admitted engaging in criminal conduct;

(3) whether the interrogation became custodial at any time before appellant was advised of his rights under *Miranda v. Arizona*, and if so, when;

(4) whether appellant's written statement was tainted by any custodial, unwarned oral statements;

(5) whether the officer deliberately employed a two-step interrogation process; *see Carter v. State*, 309 S.W.3d 31 (Tex. Crim. App. 2010); and

(6) if so, whether any curative measures were taken before appellant made his written confession.

We order the findings of fact be filed in a supplemental clerk's record by **March 14, 2014**.

_____
Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 12th day of February, 2014.

_____
Keith E. Hottle
Clerk of Court