**Abatement Order filed August 14, 2014**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-14-00165-CR
_____

**HAROLD BROWN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 208th District Court
Harris County, Texas
Trial Court Cause No. 1362106**

---

## ABATEMENT ORDER

The trial court failed to submit written findings of fact and conclusions of law on the voluntariness of appellant's statement. Article 38.22, section 6 of the Texas Code of Criminal Procedure requires the trial court to make written fact findings and conclusions of law as to whether a challenged statement was made voluntarily, even if appellant did not request them or object to their absence. Tex. Code Crim. Proc. Ann. art. 38.22 § 6 (Vernon 2005); _Urias v. State_, 155 S.W.3d 141, 142 (Tex. Crim. App. 2004). _See also Vasquez v. State_, 411 S.W.3d 918, 920

(Tex. Crim. App. 2013) ("We hold that written findings are required in all cases concerning voluntariness.")  The statute is mandatory and the proper procedure to correct the error is to abate the appeal and direct the trial court to make the required findings and conclusions.  *See* Tex. R. App. P. 44.4; *Wicker v. State*, 740 S.W.2d 779, 784 (Tex. Crim. App. 1987).

Accordingly, the trial court is directed to reduce to writing its findings of fact and conclusions of law on the voluntariness of appellant's statement and have a supplemental clerk's record containing those findings filed with the clerk of this Court within thirty days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the trial court's findings and recommendations are filed in this Court. The Court will also consider an appropriate motion to reinstate the appeal filed by either party.


PER CURIAM