

## NUMBER 13-14-00134-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

JOSE FERNANDO CERVANTES,                                    Appellant,

v.

THE STATE OF TEXAS,                                         Appellee.

### On appeal from the 206th District Court of Hidalgo County, Texas.

## ORDER OF ABATEMENT

### Before Chief Justice Valdez and Justices Garza and Longoria
### Order Per Curiam

Appellant, Jose Fernando Cervantes, was convicted of murder, a first-degree felony, *see* TEX. PENAL CODE ANN. § 19.02(b)(1) (West, Westlaw through 2013 3d C.S.), and was sentenced to thirty years' imprisonment. He argues on appeal that the trial court erred by, among other things, failing to provide findings of fact and conclusions of law in connection with a motion to suppress custodial statements made to law enforcement. In

response to this issue, the State contends that Cervantes failed to preserve the issue for appeal because defense counsel did not request findings of fact and conclusions of law in the trial court.

Article 38.22, section 6 of the Texas Code of Criminal Procedure states in relevant part:

> In all cases where a question is raised as to the voluntariness of a statement of an accused, the court must make an independent finding in the absence of the jury as to whether the statement was made under voluntary conditions. If the statement has been found to have been voluntarily made and held admissible as a matter of law and fact by the court in a hearing in the absence of the jury, the court must enter an order stating its conclusion as to whether or not the statement was voluntarily made, along with the specific finding of facts upon which the conclusion was based, which order shall be filed among the papers of the cause.

TEX. CODE CRIM. PROC. ANN. art. 38.22, § 6 (West, Westlaw through 2013 3d C.S.). Here, though Cervantes raised the issue of whether his police statements were involuntarily made, defense counsel did not request findings and conclusions, nor did counsel object at any time to the trial court regarding the absence of findings and conclusions. However, the Texas Court of Criminal Appeals has held that the entry of such findings and conclusions are mandatory even when "neither party requested written findings at any level of the proceedings, and the issue was not considered by the lower court . . . ." *Vasquez v. State*, 411 S.W.3d 918, 920 (Tex. Crim. App. 2013).[1] Section 6 of article 38.22 is "'mandatory in its language and . . . it requires a trial court to file its findings of

---

[1] *Vasquez* overruled the prior rule, established in *State v. Terrazas*, that "[t]he 'right' to findings and conclusions [under section 6, article 38.22] is a statutory 'right' which is forfeited by a party's failure to insist upon its implementation." 4 S.W.3d 720, 728 (Tex. Crim. App. 1999); *accord Mar v. State*, No. 13-08-00731-CR, 2011 WL 61834, at *9 (Tex. App.—Corpus Christi Jan. 6, 2011, no pet.) (mem. op., not designated for publication) (finding appellant forfeited issue regarding absence of findings and conclusions on motion suppress ruling because record contained neither a request for findings and conclusions nor an objection to their absence); *Scott v. State*, No. 13-08-00315-CR, 2009 WL 5730570, at *6 (Tex. App.—Corpus Christi Aug. 13, 2009, pet. ref'd) (mem. op., not designated for publication) (same).

fact and conclusions of law regarding the voluntariness of a confession whether or not the defendant objects to the absence of such omitted filing.'" *Id.* at 920 n.14.

In light of the Texas Court of Criminal Appeals' holding in *Vasquez*, we hereby ABATE the appeal and REMAND the cause to the trial court for entry of findings of fact and conclusions of law pursuant to article 38.22, section 6 of the Texas Code of Criminal Procedure. The trial court shall make its findings and conclusions, as ordered herein, within THIRTY days from the date of this order. Furthermore, the trial court shall cause a supplemental clerk's record containing the findings and conclusions to be filed with the Clerk of this Court within SIXTY days from the date of this order. The appeal will be reinstated upon receipt of the supplemental clerk's record and upon further order of this Court.

PER CURIAM

Do Not Publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
5th day of September, 2014.