

# IN THE
# TENTH COURT OF APPEALS

### No. 10-14-00014-CR

**RUBEN HEREDIA,**

                                                          **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                          **Appellee**

**From the County Court
Navarro County, Texas
Trial Court No. C34853-CR**

## ABATEMENT ORDER

Ruben Heredia was convicted of possession of a controlled substance, cocaine, and sentenced to 60 years in prison. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(d) (West 2010). Heredia filed a motion to suppress his statements in which he contended he did not voluntarily waive his statutory rights set out in article 38.22 of the Texas Code of Criminal Procedure. After a hearing, the motion to suppress was denied.

Although the trial court stated that findings of fact and conclusions of law would be made if either party requested, none were requested and none were made.

The Court of Criminal Appeals has said, "Under article 38.22 of the Texas Code of Criminal Procedure, '[i]n all cases where a question is raised as to the voluntariness of a statement of an accused, the [trial] court ... must enter an order stating its conclusion as to whether or not the statement was voluntarily made, along with the specific finding of fact upon which the conclusion was based, which order shall be filed among the papers of this cause.'" *Vasquez v. State*, 411 S.W.3d 918, 920 (Tex. Crim. App. 2013) (quoting art. 38.22, sec. 6). In *Vasquez*, the Court held that "written findings are required in all cases concerning voluntariness. The statute has no exceptions." *Id*.

Accordingly, this appeal is abated to the trial court to make findings of fact and conclusions of law regarding whether Heredia's statements were voluntary and specifically whether Heredia made a knowing, intelligent, and voluntary waiver of the rights set out in Article 22 of the Texas Code of Criminal Procedure. The trial court's findings of fact and conclusions of law must be prepared, signed, and filed as a supplemental clerk's record with this Court within 28 days from the date of this Order.

PER CURIAM

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Appeal abated
Order issued and filed December 31, 2014

