

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-76,936

**TERENCE TRAMAINE ANDRUS, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON DIRECT APPEAL FROM CAUSE NO. 09-DCR-051034 IN THE 240TH DISTRICT COURT FORT BEND COUNTY

**ALCALA, J.,** *filed a dissenting statement.*

## DISSENTING STATEMENT

Curiouser and curiouser. In this death penalty appeal, the Court has taken a strange turn. Having already received the briefs in this case and having already heard oral arguments, this Court's majority decides not to decide this appeal over which this Court has exclusive jurisdiction. Instead, this Court assumes error and issues an unpublished order in which it determines that the trial court might have erred by not making findings of fact and conclusions of law, and this Court remands for those findings and conclusions to be made.

Harmless enough? Right? I am not so sure. In a dissenting statement, Presiding Judge Keller makes a persuasive case that the law does not require findings and conclusions in this situation, and in his concurring statement, Judge Yeary disagrees. These well-reasoned competing concurring and dissenting statements in response to an unpublished order on a death penalty appeal beg the following question: why is this Court deciding the important question of whether a trial court judge erred by failing to make findings of fact and conclusions of law in a death penalty appeal by assuming that he erred in an unpublished order that is absent analysis or explanation when there are two reasonable points of view as to the propriety of his decision?

It is true that this Court will sometimes abate an appeal for findings of fact and conclusions of law when the law is clear that those findings and conclusions were legally required and are absent from the record. That is plainly not the situation here, as the two well-written competing opinions clearly demonstrate. Rather than assume error, this Court should (1) write an opinion that explains whether the trial court judge erred by failing to make findings of fact and conclusions of law, and (2) if the judge erred, this Court should hold that findings of fact and conclusions of law were required in this case and then remand the case for those findings and conclusions to be made, or, alternatively, (3) this Court should hold that the judge did not err and imply all facts in favor of the trial court's order in deciding the issues in the appeal.

It is true that writing an opinion explaining our reasoning may slightly delay the

resolution of this appeal, but I have trouble believing that it would take that much longer than it took to draft the three concurring and dissenting statements that have already been written in response to this unpublished order that assumes error. In any event, I suspect that most people would agree that it is better to be right than quick when it comes to the disposition of a death penalty appeal, and, frankly, all criminal appeals. And I am sure that the trial judge should expect that this Court will only require of him what the law demands and that he will not be held to have erred for failing to do something that was not required under the law.

Historically, this Court has consistently issued written opinions to address the type of procedural question presently before us. Very recently, in *Vasquez v. State*, this Court issued a written opinion remanding the case for findings of fact and conclusions of law in a capital murder appeal where there was a disputed question, as here, as to whether the trial court erred in failing to make findings of fact and conclusions of law. *See Vasquez v. State*, 411 S.W.3d 918, 919 (Tex. Crim. App. 2013). In *Vasquez*, the court of appeals held that the trial court erred by failing to suppress a confession under circumstances in which the police had employed an unconstitutional, two-step technique of interrogation, and this Court held that the court of appeals erred by failing to require the trial court to make findings of fact and conclusions of law on the matter of the voluntariness of Vasquez's confession. *Id.* at 919-20. Here, there is a reasonable dispute amongst the judges of this Court with respect to whether the issues raised in this appeal fall within that category of cases, like *Vasquez*, for which findings of fact and conclusions of law are mandatory even if not requested by the losing

party on appeal.  *See id*.  This is an important question that should be actually decided, and it should be done through a published written opinion, and not through an unpublished, unexplained order.

Furthermore, this Court has issued a number of published, written opinions describing when findings of fact and conclusions of law are warranted, and writing an opinion here to address this disputed question would be the most consistent and effective way to decide whether the trial court erred by failing to make findings and conclusions in this case.  *See, e.g., State v. Saenz*, 411 S.W.3d 488, 497-98 (Tex. Crim. App. 2013); *State v. Mendoza*, 365 S.W.3d 666, 673 (Tex. Crim. App. 2012); *Cullen v. State*, 195 S.W.3d 696, 699 (Tex. Crim. App. 2006).

I note here three reasons why I believe that a possibly erroneous determination by this Court that the trial court presumably erred by failing to make findings and conclusions has negative consequences, and why I further conclude that the more appropriate course of action is for this Court to issue a written, published opinion discussing what the law is and explaining why the trial court judge did or did not err.  First, by ordering the trial court judge to do an act that he apparently believed was not required under the law, this Court finds that he erred, but it does so by assumption and without explanation in an unpublished written order.  This judge and future judges are left to wonder whether findings and conclusions are required under the facts of this case, and, if not, why this Court would order findings and conclusions that were not legally required when the law permits implied findings to be

considered on appeal in the absence of express findings of fact. *See State v. Ross*, 32 S.W.3d 853, 857 (Tex. Crim. App. 2000).

Second, by ordering findings of fact and conclusions of law that are arguably not legally required, this Court changes the standard of review based only on an assumption of error. In the absence of findings, an appellate court implies all findings in favor of the trial court's order. *See id*. With express findings, and unlike implied findings, some findings may be contrary to the court's order and, therefore, may be more likely to result in a reversal of a trial court's order. *See State v. Elias*, 339 S.W.3d 667, 674 (Tex. Crim. App. 2011).

Third, and perhaps most importantly, this Court is abdicating its responsibility to decide a criminal matter which, here, is an important issue exclusively assigned to this Court, a matter pertinent to the resolution of a death penalty appeal, in a manner that leaves the parties and public in the dark as to its reasoning. The Texas Court of Criminal Appeals is the highest court in Texas for state criminal matters, but here it declines to issue an opinion explaining the law so that future judges and litigants in criminal cases can apply the law consistently throughout the state. By assuming error and reversing a trial court judge's decision though an unpublished order, this Court again abdicates its responsibility to decide criminal cases that are properly before us. *See In re Reece*, 341 S.W.3d 360, 377 (Tex. 2011) (Texas Supreme Court holding that it was compelled to grant mandamus relief after this Court declined to exercise its jurisdiction over criminal matter that was properly before this Court but that this Court had declined to decide).

This Court's decision to decide an important disputed legal question in a death penalty appeal via an unpublished order with three competing dissenting and concurring statements is strange. Really, really strange. With these comments, I respectfully dissent.

Filed: February 25, 2015

Do Not Publish