ACCEPTED
12-14-00044-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
9/9/2015 4:06:37 PM
Pam Estes
CLERK

In The Twelfth Court Of Appeals
Tyler, Texas

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS

9/9/2015 4:06:37 PM

PAM ESTES
Clerk

### No.  12-14-00044-CR

*Shakeitha Cartwright, Appellant,*
*v.*
*The State of Texas, Appellee.*

On Appeal from the 273rd District Court, Shelby County, Texas
Trial Court Cause No. 2013-CR-18695

### APPELLANT'S MOTION FOR REHEARING (TRAP 49.1)
### AND
### MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR REHEARING (TRAP 49.8 & 10.5(b))

Seth T. Johnson, Tex. Bar No.  24082212
928 N University Dr
Nacogdoches, Texas 75961
Telephone: (936) 205-6775
Fax: (936)715-3022
Email: johnsondefenselaw@gmail.com
Attorney for Appellant

**APPELLANT'S MOTION FOR REHEARING (TRAP 49.1)**
**&**
**MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR REHEARING WITHIN THIRTY DAYS (TRAP 49.8 & 10.5(b))**

TO THE HONORABLE JUDGES OF THE TWELFTH COURT OF APPEALS:

COMES NOW, Appellant, Shakeitha Cartwright, by her attorney of record, Seth T. Johnson, and respectfully makes this motion.

Appellant moves this Honorable Court for rehearing of Appellant's "Motion to Abate Appeal and Remand for a *De Novo* Hearing". In support, Appellant would show as follows:

### I. MOTION FOR REHEARING (TRAP 49.1)

Appellant respectfully submits that the Honorable Court's August 13, 2015 Order overruling Appellant's original motion is contrary to the holding in *Vasquez v. State*, 411 S.W.3d 918 (Tex.Crim.App. 2013). The caselaw authorities and reasoning relied upon in the Order were effectively overruled and superseded by *Vasquez*. To the extent that intermediate Courts of Appeal previously held or suggested that there are circumstances or scenarios under which a trial court, or an appellate court, may ignore the mandatory dictates of Art. 38.22 §6 pertaining to the issuance of trial court findings of fact and conclusions of law, *Vasquez* effectively overruled those opinions.

> "Under article 38.22 of the Texas Code of Criminal Procedure, " [i]n all cases where a question is raised as to the voluntariness of a statement of an accused, the [trial] court ... must enter an order stating its conclusion as to whether or not the statement was voluntarily made, along with the specific finding of fact upon which the conclusion was based, which order shall be filed among the papers of this cause." We have held that if a statement is involuntary as a matter of federal constitutional law, it is also involuntary for purposes of article 38.22. This, essentially, means that the requirement for 38.22 findings applies whenever there is a challenge to a statement's voluntariness.

In this case, no findings of fact were filed. This was error. The Court of Appeals further erred by not abating for such findings.

Here, neither party requested written findings at any level of the proceedings, and the issue was not considered by the lower court. Nonetheless, section 6 of article 38.22 clearly requires that the trial court make such findings. *We hold that written findings are required in all cases concerning voluntariness. The statute has no exceptions.*" *Id.* at 920 (emphasis added).

If Appellant's motion is granted and this case is remanded for findings and conclusions to be entered by the trial court, the second issue raised in Appellant's original motion is whether a *de novo* suppression hearing is mandatory due to the unorthodox procedural history at the trial level. As to this second issue, Appellant simply re-urges her original motion in favor of a *de novo* hearing, and again emphasizes that the end result of the bifurcated suppression hearing process employed was that 1) neither trial Judge viewed the interrogation videos in full prior to admitting them at trial despite the fact that the videos were admitted at the suppression hearing for that purpose, and 2) the trial Judge that denied suppression did not preside over the live testimony portion of the suppression hearing.

## II. MOTION FOR EXTENSION OF TIME TO FILE MOTION FOR REHEARING (TRAP 49.8 & 10.5(b))

COMES NOW, Appellant, Shakeitha Cartwright, by her attorney of record, Seth T. Johnson, and respectfully moves for an extension of time to file the Motion For Rehearing herein attached and incorporated in Section 1. In support, Appellant would show as follows:

1.      The Order overruling Appellant's original motion was issued August 13, 2015.

2.    "A Motion for Rehearing may be filed within 15 days after the court of appeals' judgment or order is rendered." Tex. R. App. P. 49.8.  Appellant's deadline was August 28, 2015.

3.    However, Tex. R. App. P. 49.8 provides that "A court of appeals may extend the time for filing a motion for rehearing or en banc reconsideration if a party files a motion complying with Rule 10.5(b) no later than 15 days after the last date for filing the motion."  In that instance Appellant's deadline would be September 12, 2015.

3.    Regarding Tex. R. App. P. 10.5(b): The Motion for Rehearing is filed today (September 9, 2015) and accompanies this motion for extension; no further extension is necessary.  No prior extensions have been requested with respect to a Motion for Rehearing.

4.    Counsel failed to meet the standard 15-day timeframe due to caseload demands.  In the past 27 days I have prepared for trial and held jury selection on an indictment charging seven 1st-degree felonies.  A review of my calendar also indicates that I have appeared in court or held related appointments pertaining to 52 separate criminal cases in the past 27 days. I am also getting married on October 2nd and have been involved in preparations for that.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant, prays that her Motion for Rehearing and related Motion for Extension of Time to File be granted.

Respectfully submitted,

Seth T. Johnson, #24082212

4

ATTORNEY FOR DEFENDANT
928 N University Dr.
Nacogdoches, TX 75961
(P) 936-205-6775
(F) 936-715-3022
johnsondefenselaw@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Motion, was delivered via electronic filing service to: Kenneth Florence, Shelby County District Attorney, on September 9, 2015.

_____
Seth T. Johnson, #24082212

5