**Jose Jesus VASQUEZ, Appellant**

v.

**The STATE of Texas.**

No. PD–0497–13.

Court of Criminal Appeals of Texas.

Oct. 23, 2013.

Mark C. Kratovil, Assistant Public Defender, Houston, TX, for Appellant.

Eric Kugler, Assistant District Attorney, Houston, Lisa C. McMinn, State's Attorney, Austin, TX, for The State of Texas.

WOMACK, J., delivered the unanimous opinion of the Court.

A jury found the appellant guilty of capital murder. Because the State did not

seek the death penalty, the only available penalty was confinement for life. On appeal, the appellant argued that the trial court committed reversible error by failing to suppress his confession. The Court of Appeals agreed, holding that the police employed an unconstitutional, two-step technique of interrogation.[1] We granted review. We shall vacate the judgment of the Court of Appeals and remand the case to that Court with instructions to remand this case to the trial court for findings of fact and conclusions of law.

## I

 The Fifth Amendment right against self-incrimination is satisfied only when a defendant's statements are given voluntarily.[2] The "requisite of voluntariness is not satisfied by establishing merely that the confession was not induced by a promise or a threat."[3] In order to guarantee the voluntariness of a statement, law enforcement officers must supply suspects with their legal rights and warnings.[4]

In *Missouri v. Seibert*,[5] a fractured Supreme Court held that *Miranda* was violated, because the confession was involuntary, when police used a "question first,

warn later" interrogation technique. Such a technique involved the police interrogating a suspect without providing *Miranda* warnings, obtaining a confession, then giving the *Miranda* warnings and having the suspect repeat the incriminating statement. The Court reasoned, "Upon hearing warnings only in the aftermath of interrogation and just after making a confession, a suspect would hardly think he had a genuine right to remain silent, let alone persist in so believing once the police began to lead him over the same ground again."[6] This undermines *Miranda's* primary purpose: to guarantee that confessions are voluntary.[7]

This court has adopted Justice Kennedy's concurrence in *Seibert* as the "position taken by those Members who concurred in the judgments on the narrowest grounds."[8] In doing so, we held that the courts should, at the threshold, apply an objective, totality-of-the-circumstances inquiry to determine if the two-step interrogation process was used in a calculated effort to undermine *Miranda*.[9] In such cases, confessions must be excluded unless curative measures were taken before the second confession.[10]

1. *Vasquez v. State*, 397 S.W.3d 850 (Tex.App.–Houston [14th Dist.] 2013).

2. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

3. *Id.*, at 462, 86 S.Ct. 1602 (quoting *Ziang Sung Wan v. United States*, 266 U.S. 1, 45 S.Ct. 1, 69 L.Ed. 131 (1924)).

4. *Id.*, at 467, 86 S.Ct. 1602.

5. 542 U.S. 600, 124 S.Ct. 2601, 159 L.Ed.2d 643 (2004).

6. *Id.*, at 613, 124 S.Ct. 2601.

7. *See id.*, at 608, 617, 124 S.Ct. 2601.

8. *Carter v. State*, 309 S.W.3d 31, 38 (Tex.Cr.App.2010). *See Marks v. United States*, 430 U.S. 188, 193, 97 S.Ct. 990, 51 L.Ed.2d 260

(1977); *see also Haynes v. State*, 273 S.W.3d 183, 186–87 (Tex.Cr.App.2008).

9. *Carter*, 309 S.W.3d, at 37.

10. *Ibid.* Opinions of members of the Supreme Court have suggested that curative measures may include: "(1) a substantial break in time and circumstances between the unwarned statement and the *Miranda* warning; (2) explaining to the defendant that the unwarned statements, taken while in custody, are likely inadmissible; (3) informing the suspect that, although he previously gave incriminating information, he is not obligated to repeat it; (4) the interrogating officers refrain from referencing to the unwarned statement unless the defendant refers to it first; or (5) if the defendant does refer to the pre-*Miranda* statement, the interrogating officer states that the defendant is not obligated to discuss the content of

## II

Under article 38.22 of the Texas Code of Criminal Procedure, "[i]n *all cases* where a question is raised as to the voluntariness of a statement of an accused, the [trial] court ... must enter an order stating its conclusion as to whether or not the statement was voluntarily made, along with the specific finding of fact upon which the conclusion was based, which order shall be filed among the papers of this cause."[11] We have held that if a statement is involuntary as a matter of federal constitutional law, it is also involuntary for purposes of article 38.22.[12] This, essentially, means that the requirement for 38.22 findings applies whenever there is a challenge to a statement's voluntariness.

In this case, no findings of fact were filed. This was error. The Court of Appeals further erred by not abating for such findings.[13]

Here, neither party requested written findings at any level of the proceedings, and the issue was not considered by the lower court. Nonetheless, section 6 of article 38.22 clearly requires that the trial court make such findings.[14] We hold that written findings are required in all cases concerning voluntariness. The statute has no exceptions.

We vacate the judgment of the Court of Appeals and remand the case to that Court with instructions that it be abated to the trial court for findings consistent with *Carter*. Specifically, the trial court should determine (1) whether the original, unrecorded interview was custodial in nature, (2) whether the appellant was Mirandized prior to his original interrogation, (3) if not, whether the police deliberately employed a two-step interrogation process, and (4) if they did, were any curative measures taken before the second confession. After these findings are filed, the case shall be returned to the Court of Appeals.

---

the first statement." *Martinez v. State,* 272 S.W.3d 615, 626–27 (Tex.Cr.App.2008).

11. (Emphasis added). The burden of proof at such a hearing is on the State, which must prove by a preponderance of the evidence that the statement was voluntary. *Colorado v. Connelly,* 479 U.S. 157, 169, 107 S.Ct. 515, 93 L.Ed.2d 473 (1986); *Alvarado v. State,* 912 S.W.2d 199, 211 (Tex.Cr.App.1995).

12. *Oursbourn v. State,* 259 S.W.3d 159, 169 (Tex.Cr.App.2008).

13. *Wicker v. State,* 740 S.W.2d 779, 784 (Tex. Cr.App.1987) ("... [T]he duty of the appellate court is clear. The proper procedure is that

the appeal will be abated and the trial judge will be directed to reduce to writing his findings on the disputed issues surrounding the taking of the appellant's confession. The trial judge may review the transcription of the testimony upon which his original ruling was made, if necessary, in order to refresh his recollection of the reasons behind such ruling.").

14. *See id.,* at 783 ("... Article 38.22, § 6, supra, is mandatory in its language and that it requires a trial court to file its findings of fact and conclusions of law regarding the voluntariness of a confession whether or not the defendant objects to the absence of such omitted filing.")