**Order entered December 5, 2013**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01538-CR

**DOMINGO SANCHEZ-RODRIGUEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 380th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 380-80148-2012**

## ORDER

In his eighth issue on appeal, appellant contends that the trial court erred in denying a motion to suppress appellant's statement because appellant did not make a knowing, intelligent, and voluntary waiver of his rights under article 38.22 of the code of criminal procedure. Appellant also complains that the trial judge failed to enter findings of fact and conclusions of law regarding the voluntariness of his statement pursuant to section 6 of article 38.22.

Section 6 of article 38.22 clearly requires the trial court to make written findings in all cases concerning voluntariness. *See Vasquez v. State*, PD-0497-13, 2013 WL 5729828 at*2 (Tex. Crim. App. October 23, 2013). The statute has no exceptions even where "neither party requested written findings at any level of the proceedings." *Id*. When the record does not

contain trial court findings pursuant to section 6 of article 38.22, courts of appeal must abate the appeal and order the trial court to make such findings. *Id*.

Accordingly, on the Court's own motion, we **ORDER** the trial court to make findings of fact consistent with *Vasquez v. State*, PD-0497-13, 2013 WL 5729828, at *2 (Tex. Crim. App. Oct. 23, 2013) and section 6 of article 38.22 of the Texas Code of Criminal Procedure. The parties agree that appellant had been arrested pursuant to a warrant at the time the statement was made. Therefore, the trial court shall make findings regarding the statement admitted as State's Exhibit no. 1, as follows:

(a) whether prior to making his statement appellant was warned by the person to whom the statement was made:

　(1) he has the right to remain silent and not make any statement at all and that any statement he makes may be used against him at his trial;

　(2) any statement he makes may be used as evidence against him in court;

　(3) he has the right to have a lawyer present to advise him prior to and during any questioning;

　(4) if he is unable to employ a lawyer, he has the right to have a lawyer appointed to advise him prior to and during any questioning; and

　(5) he has the right to terminate the interview at any time; *See* TEX. CODE CRIM. PROC. ANN. art. 38.22 § 2(a) (West 2005); *Miranda v. Arizona*, 384 U.S. 436 (1966); and

(b) whether, prior to and during the making of the statement, appellant knowingly, intelligently, and voluntarily waived the rights set out in the warning prescribed by Texas Code of Criminal Procedure art. 38.22, § 2(a), including whether the totality of the circumstances surrounding the interrogation reveals both:

　(1) appellant made a choice that was not the product of intimidation, coercion, or deception and

　(2) appellant had full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it.

We **ORDER** the trial court to transmit a supplemental record containing its written findings of fact to this Court within THIRTY (30) DAYS of the date of this order.

We **ABATE** the appeal to allow the trial court to comply with this order. The appeal shall be reinstated thirty (30) days from the date of this order or when the findings are received, whichever is earlier.

/s/     DAVID EVANS
PRESIDING JUSTICE
