**Abatement Order filed December 10, 2013.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-12-00096-CR
_____

**JOSE JESUS VASQUEZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 228th District Court
Harris County, Texas
Trial Court Cause No. 1333231**

---

## ABATEMENT ORDER

On appeal from appellant's conviction for capital murder, this court reversed the trial court's judgment and remanded for a new trial. *See Vasquez v. State*, 397 S.W.3d 850, 859 (Tex. App.—Houston [14th Dist.] 2013), *vacated*, *Vasquez v. State*, No. PD-0497-13, —S.W.3d—, 2013 WL 5729828, at *1 (Tex. Crim. App. Oct. 23, 2013). The Court of Criminal Appeals granted review, vacated this court's judgment, and remanded the case to this court with instructions that this case be abated for findings by the trial court consistent with *Carter v. State*, 309 S.W.3d

31, 38 (Tex. Crim. App. 2010). *See Vasquez*, 2013 WL 5729828, at *2. Specifically, the high court stated that the trial court should determine (1) whether the original, unrecorded interview was custodial in nature, (2) whether the appellant was Mirandized prior to his original interrogation, (3) if not, whether the police deliberately employed a two-step interrogation process, and (4) if they did, were any curative measures taken before the second confession. *See id.*

Accordingly, the trial court is directed to reduce to writing its findings of fact and conclusions of law on the voluntariness of appellant's statement in accordance with the opinion of the Court of Criminal Appeals in *Vasquez*, 2013 WL 5729828, at *2, and have a supplemental clerk's record containing those findings filed with the clerk of this Court on or before **February 24, 2014**.

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the trial court's findings of fact and conclusions of law are filed in this Court. The Court will also consider an appropriate motion to reinstate the appeal filed by either party.

Appellant's brief on remand is due thirty days after reinstatement. Appellee's reply is due thirty days after the filing of appellant's brief.

PER CURIAM