

# Fourth Court of Appeals
## San Antonio, Texas

March 6, 2014

No. 04-13-00395-CR

Rigo **GUERRA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, La Salle County, Texas
Trial Court No. 11-09-00042-CRL
Honorable Donna S. Rayes, Judge Presiding

# O R D E R

Appellant's brief was originally due to be filed on November 18, 2013.  Appellant's first motion requesting an extension of time to file the brief was granted, extending the deadline for filing the brief to December 18, 2013.  On December 27, 2013, the appellant filed a motion requesting an additional extension of time to file the brief until January 17, 2014, for a total extension of sixty days.  By order dated December 30, 2013, the motion was granted.  The order stated that appellant's brief must be filed by January 14, 2014.  The motion further stated, "**THIS IS THE FINAL EXTENSION OF TIME THAT THE APPELLANT WILL BE GRANTED**."

The brief was not filed by the January 14, 2014.  On January 21, 2014, this court issued an additional order extending the deadline for filing the brief to January 27, 2014.  The order stated that if the brief was not filed by January 27, 2014, this appeal would be abated to the trial court for an abandonment hearing, and the trial court would be asked to consider whether sanctions are appropriate against appellant's attorney.  TEX. R. APP. P. 38.8(b)(2).  The brief was not filed by January 27, 2014.

On February 4, 2014, we abated this appeal to the trial court for an abandonment hearing, requesting the trial court to conduct a hearing and file supplemental records by March 6, 2014.  **A copy of this order is attached to this order**.  On March 5, 2014, the trial court filed a motion requesting an extension of time to conduct the hearing, stating the hearing will be held on March 14, 2014.

Despite this court's February 4, 2014 order abating this appeal for an abandonment hearing, appellant's attorney filed a motion to abate this appeal on February 27, 2014, stating that the appellate record is incomplete with regard to a hearing conducted in the underlying cause on March 14, 2013. Appellant's attorney further states, however, that he has been unsuccessful in contacting the court reporter to determine the availability of the record which might also require the entry of findings of fact and conclusions of law by the trial court. **A copy of this motion is attached to this order.**

The trial court's motion requesting an extension of time is GRANTED. The trial court is ORDERED to file supplemental clerk's and reporter's records in this court, no later than March 21, 2014, which must include:

1. a transcription of the hearing and copies of any documentary evidence admitted;

2. written findings of fact and conclusions of law;

3. recommendations addressing the questions enumerated in the February 4, 2014 order; and

4. recommendations regarding the issues raised by appellant's attorney in his February 27, 2014 motion with respect to the availability of a record in the underlying cause from a March 14, 2013 hearing and findings of fact and conclusions of law pertinent to the appellant's statement or confession.

_____
Catherine Stone, Chief Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 6th day of March, 2014.

_____
Keith E. Hottle
Clerk of Court



# Fourth Court of Appeals
## San Antonio, Texas

February 4, 2014

No. 04-13-00395-CR

Rigo **GUERRA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 81st Judicial District Court, La Salle County, Texas
Trial Court No. 11-09-00042-CRL
Honorable Donna S. Rayes, Judge Presiding

## O R D E R

Appellant's brief was originally due to be filed on November 18, 2013. Appellant's first motion requesting an extension of time to file the brief was granted, extending the deadline for filing the brief to December 18, 2013. On December 27, 2013, the appellant filed a motion requesting an additional extension of time to file the brief until January 17, 2014, for a total extension of sixty days. By order dated December 30, 2013, the motion was granted. The order stated that appellant's brief must be filed by January 14, 2014. The motion further stated, "**THIS IS THE FINAL EXTENSION OF TIME THAT THE APPELLANT WILL BE GRANTED**."

The brief was not filed by the January 14, 2014. On January 21, 2014, this court issued an additional order extending the deadline for filing the brief to January 27, 2014. The order stated that if the brief was not filed by January 27, 2014, this appeal would be abated to the trial court for an abandonment hearing, and the trial court would be asked to consider whether sanctions were appropriate against appellant's attorney. TEX. R. APP. P. 38.8(b)(2). The brief was not filed by January 27, 2014.

Pursuant to rule 38.8(b)(2) of the Texas Rules of Appellate Procedure, we abate this case to the trial court and ORDER the trial court to conduct a hearing to answer the following questions:

(1) Does appellant desire to prosecute his appeal?

(2) Is appellant indigent?  If appellant is indigent, the trial court shall take such measures as may be necessary to assure the effective assistance of counsel, which may include the appointment of new counsel.

(3) Has appointed or retained counsel abandoned the appeal?  Because sanctions may be necessary, the trial court should address this issue even if new counsel is retained or substituted before the date of the hearing.

The trial court may, in its discretion, receive evidence on the first two questions by sworn affidavit from the appellant. The trial court shall, however, order the appellant's counsel to be present at the hearing.

The trial court is further ORDERED to file  supplemental clerk's and reporter's records in this court, no later than March 6, 2014, which shall include: (1) a transcription of the hearing and copies of  any documentary evidence admitted, (2) written findings of fact and conclusions of law, and (3) recommendations addressing the above enumerated questions.


_____
Catherine Stone, Chief Justice


IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 4th day of February, 2014.

_____
Keith E. Hottle
Clerk of Court

ACCEPTED
04-13-00395-CR
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
2/27/2014 5:07:41 PM
KEITH HOTTLE
CLERK

NO. 04-13-00395-CR

| | | |
|---|---|---|
| RIGO GUERRA, <br>     Appellant | § | IN THE COURT OF APPEALS |
| vs. | § | FOURTH DISTRICT OF TEXAS |
| THE STATE OF TEXAS | § | SAN ANTONIO, TEXAS |

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
02/27/2014 5:07:41 PM
KEITH HOTTLE
Clerk

## APPELLANT'S MOTION TO ABATE APPEAL FOR ENTRY OF FINDINGS OF FACT AND CONCLUSIONS OF LAW RELATING TO THE APPELLANT'S PRE-TRIAL MOTION TO SUPPRESS EVIDENCE OF THE APPELLANT'S STATEMENT/CONFESSION

TO THE HONORABLE COURT OFAPPEALS:

Now comes, Rigo Guerra, appellant in the instant cause and files this "Appellant's Motion to Abate Appeal for Entry of Findings of Fact and Conclusions of Law Relating to the Appellant's Pre-Trial Motion to Suppress Evidence of the Appellant's Statement/Confession. In support of the motion the appellant would show unto the Court the following:

A.

The appellant is presently appealing his conviction for the offense of Capital Murder arising out of LaSalle County wherein he was convicted and sentenced to Life in confinement in the Texas Department of Criminal Justice.

B.

The record of the trial along with the clerk's record has been filed in this Court and the matter is pending of the appellant's brief in this Court by the undersigned. A review of the record has revealed that a portion of the record is not presently before the Court. That portion of the record is essential to an adequate presentation of the appellant's allegations of error.

C.

The record reflects that prior to trial appellant's trial counsel filed a written "Motion To Determine Admissibility of Written Or Oral Statements of Defendant Outside The Presence of Jury". (C.R.1-107) The trial Court's docket sheet reflects that a hearing was conducted on that motion on March 14, 2013. The court reporter's record that has been forwarded to this Court does not contain a record of that hearing.   The reporter's record filed with this Court consists of the record of the trial starting on May 6, 2013 with the jury voir dire process and concludes with the jury's verdict returned on May 15, 2013.  The undersigned has completed a review of that record and has been unable to locate a record of the hearing on the appellant's pre-trial motion or any findings of fact and conclusions of law relating to the appellant's statement that was ultimately admitted at trial.

D.

The undersigned has attempted to contact the court reporter in the instant case but has not been able to determine whether the record in question is available. Those efforts are continuing.  The undersigned is also attempting to determine whether the necessary findings and conclusions of the trial court are available.

E.

It would appear that the instant matter should be abated and returned to the trial court for purposes of the entry of the trial Court's findings of fact and conclusions of law pertinent to the appellant's claims regarding the admissibility of his statement/confession. See: Vasquez v. State, 411 S.W.3d 918 (Tex. Crim. App. 2013); State v. Elias, 339 S.W.3d 667 (Tex. Crim. App. 2011); State v. Saenz, 411 S.W.3d 488 (Tex. Crim. App. 2013).

F.

There are existing other arguable points of error that the undersigned will continue to research while this motion awaits resolution.

## CONCLUSION AND PRAYER

Wherefore premises considered the appellant would request that this court abate the instant appeal for purposes of the supplementation of the record with a record from the hearing on the appellant's pre-trial motion to suppress along with the trial court's findings of fact and conclusions of law relating to that motion.

Respectfully submitted,

_____/s/_____
Edward F. Shaughnessy, III
Attorney for the appellant

## CERTIFICATE OF SERVICE

I, Edward F. Shaughnessy, attorney for the appellant hereby certify that a true and correct copy of the instant motion was served, by U.S. Mail on Mark Ledet, attorney for the appellee at 1327 3rd Street, Floresville Texas, 78026, on this the 27 day of February, 2014.

_____/s/_____
Edward F. Shaughnessy
Attorney for the appellant