

# IN THE
# TENTH COURT OF APPEALS

### No. 10-13-00409-CR

**ADAM LAMAR BROOKS,**

                    **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                    **Appellee**

### From the County Court at Law No. 1
### Brazos County, Texas
### Trial Court No. 11-01734-CRM-CCL1

## O R D E R

Adam Lamar Brooks was convicted of indecent exposure and sentenced to 120 days in jail with a $1,000 fine.  *See* TEX. PENAL CODE ANN. § 21.08 (West 2011).  Brooks filed a motion to suppress his statements in which he generally contended he did not voluntarily make any statements to police.  After two hearings, the motion to suppress was denied.  Brooks requested findings of fact and conclusions of law, but none were made.

The Court of Criminal Appeals has said, "Under article 38.22 of the Texas Code of Criminal Procedure, '[i]n all cases where a question is raised as to the voluntariness of a statement of an accused, the [trial] court ... must enter an order stating its conclusion as to whether or not the statement was voluntarily made, along with the specific finding of fact upon which the conclusion was based, which order shall be filed among the papers of this cause.'" *Vasquez v. State*, 411 S.W.3d 918, 920 (Tex. Crim. App. 2013) (quoting art. 38.22, sec. 6). In *Vasquez*, the Court held that "written findings are required in all cases concerning voluntariness. The statute has no exceptions." *Id*.

Accordingly, this appeal is abated to the trial court to make findings of fact and conclusions of law regarding whether Brooks' statements were voluntary. The trial court's findings of fact and conclusions of law must be prepared, signed, and filed as a supplemental clerk's record with this Court within 28 days from the date of this Order.

PER CURIAM

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Appeal abated
Order issued and filed January 29, 2015

