COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:      Timothy Dynell George v. The State of Texas

Appellate case number:    01-15-00128-CR

Trial court case number:  1431234

Trial court:              185th Judicial District Court of Harris County

Appellant, Timothy Dynell George, filed a notice of appeal on February 6, 2015, only from the trial court's denial of his motion to suppress evidence obtained by unlawful search and seizure, signed on January 7, 2015. After a review of the clerk's record, it appears that the State had filed a notice of intent in the trial court, on November 25, 2014, to use all evidence obtained from the appellant, including his statement. Although the appellant's motion, filed in the trial court on December 19, 2014, mainly sought to suppress any physical evidence, his motion also sought to suppress any of his statements or admissions, whether oral or written, claiming that they were involuntary. However, it appears that neither party requested findings and the trial court failed to submit findings of fact and conclusions of law on the voluntariness of appellant's statements, if any, which are required by Texas Code of Criminal Procedure Article 38.22.

Article 38.22, section 6 of the Texas Code of Criminal Procedure requires the trial court to make written factual findings and conclusions of law as to whether a challenged statement was made voluntarily, even if the appellant did not request them or object to their absence. TEX. CODE CRIM. APP. PROC. ANN. art. 38.22 § 6 (West Supp. 2014); *see Vasquez v. State*, 411 S.W.3d 918, 920 (Tex. Crim. App. 2013) (vacating and remanding for the trial court to make findings and conclusions regarding the voluntariness of the appellant's statements, even though neither party requested them). This statute makes written findings mandatory in all cases where a question is raised as to the voluntariness of a statement of an accused, and the proper procedure to correct the error is to abate and direct the trial court to make the written factual findings and conclusions of law. *See* TEX. R. APP. P. 44.4(b); *Vasquez*, 411 S.W.3d at 920.

Accordingly, we sua sponte **abate** the appeal and **remand** for the trial court to enter written findings of fact and conclusions of law, separate and apart from any docket sheet notations in this case, on the voluntariness of appellant's statements and admissions, if any, as well as whether any physical evidence seized from the appellant was seized in violation of Article 38.23. *See Vasquez*, 411 S.W.3d at 920 (listing the criteria for the trial court to determine voluntariness on remand); TEX. CODE CRIM. APP. PROC. ANN. art. 38.23(a) (West Supp. 2014). The trial court shall make the appropriate findings and conclusions and shall cause them to be filed with the trial court clerk within **30 days** of the date of this order. We further order the trial court clerk to file a supplemental clerk's record containing the trial court's findings of fact and conclusions of law with this Court within **30 days** of the date of this order.

Furthermore, because the appellant failed to timely respond to the letter from the Clerk of this Court, sent on March 18, 2015, notifying his counsel that the reporter's record was not timely filed because he had failed to request or pay for it, this Court may set the briefing schedule after this case is reinstated without the reporter's record. This Court may require appellant to file his brief and may consider and decide those issues or points that do not require a reporter's record for a decision. *See* TEX. R. APP. P. 37.3(c)(2).

This appeal is abated, treated as a closed case, and removed from this Court's active docket. This appeal will be reinstated on this Court's active docket after a supplemental clerk's record that complies with this Order is filed in this Court.

It is so **ORDERED**.


Judge's signature: /s/ Laura Carter Higley
☒ Acting individually

Date: June 23, 2015


2