ACCEPTED
12-14-00044-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
9/21/2015 11:17:44 AM
Pam Estes
CLERK

12-14-00044-CR

IN THE TWELFTH COURT OF APPEALS OF TEXAS

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
9/21/2015 11:17:44 AM
PAM ESTES
Clerk

TYLER, TEXAS

SHAKEITHA CARTWRIGHT
Appellant

v.

THE STATE OF TEXAS
Appellee

On Appeal from Cause No. 13-CR-18,695

In the 273rd Judicial District Court of Shelby County, Texas

STATE'S OPPOSITION TO MOTION FOR REHEARING and
OPPOSITION TO MOTION TO ABATE APPEAL

123rd JUDICIAL DISTRICT ATTORNEY'S OFFICE

Kenneth Florence, District Attorney
Lead Counsel
State Bar No. 00790698
200 San Augustine Street - Suite 12
Center, Texas 75935
(936) 598-2489
(936) 598-4106 Fax

The State hereby opposes the Motion for Rehearing and Motion to Abate Appeal.

**Motion for Rehearing**

Appellant has filed a Motion for Rehearing arguing that this Court failed to consider the case *Vasquez v. State*, 411 S.W.3d 918 (Tex.Crim.App. 2013). This Court has ruled properly in denying the Motion to Abate Appeal, and *Vasquez* supports this Court's prior ruling.

The legal principles quoted by Appellant from the *Vasquez* case support the denial. (Quoted language at P.2-3 of Appellant's currently pending motion.)

First, the trial court did enter a written order. (Supplemental Clerk's Record (filed April 17, 2015)("Nunc Pro Tunc Findings of Fact and Conclusion [sic] of Law Regarding Voluntariness of Written Confession and Oral Confession Pursuant to *Jackson v. Denno* and TEX. CODE CRIM. PROC., ART. 38.22, SEC. 6").

Second, the trial judge did in fact actually issue written findings of fact and conclusions of law *at the time of trial*, they simply were not properly filed into the clerk's record. *Id. at* ¶2. *Vasquez* has been satisfied.

Appellant then further re-urges the issues he raised in his original motion.

Therefore, the State will detail it's opposition on the merits below.

**Motion to Abate Appeal**

The argument that the trial judge could not read and rely on the prior recorded testimony at the initial *Jackson v. Denno* (art. 38.22, TEX. CODE CRIM PROC.) hearing was **<u>waived</u>** because defense trial counsel **<u>expressly consented</u>** to the trial judge reading the prior record to make his voluntariness determination. (RR, V. 4, P. 144-146 (agreement of parties); RR, V. 5, P. 9-10(defense attorney inquiry to Court about whether the Court had finished reading prior *Jackson v. Denno* record); RR, V. 5, P. 193(agreement of parties)).

Additionally, some new testimonial evidence was presented at the continued hearing, not simply a cold record (RR., V. 5, P. 193-207 (Det. Nicole Faulkner testifying). Portions of the video confessions germane to voluntariness were also played. *Id.*

Finally, the Judge did in fact review the complained of video testimony and written confession and did in fact timely sign written findings of fact and conclusions of law as to both written and recorded confessions....the document just did not make it into the written record due to a ministerial error. The trial judge signed and filed written findings of fact and conclusions of law Nunc Pro Tunc, identical to the original findings and conclusions, which relate back to the time when the original findings and conclusions were made and were in fact originally executed. (*See* Supplemental Clerk's Record (filed April 17, 2015)(Nunc Pro Tunc

at ¶2, *passim*); *see also*, RR, V. 5, P. 201, 205, 207(Judge's in-court ruling). Undersigned counsel also independently recalls Judge Mitchell signing Findings and Conclusions *at the time of trial*.

Finally, in the Nunc Nunc Pro Tunc Findings and Conclusions the trial judge noted that after watching all of the video confession and hearing all of the trial testimony, nothing would have changed his opinion that the written and recorded confessions were voluntary. *Id.* at ¶3.

Accordingly, no remand is necessary. Clearly, another evidentiary hearing is not warranted under the unique circumstances of this case...the judge has already heard all of the trial evidence and testimony and made a written ruling at the time of trial...it just did not make it into the record somehow. The Nunc Pro Tunc Findings of Fact and Conclusions of Law before the Court relate back to the filing date at the time of trial, so therefore *Vasquez v. State*, 411 S.W.3d 918 (Tex.Crim.App. 2013) has been satisfied and does not mandate a remand in this particular case.

/ / /

/ / /

/ / /

## PRAYER

**WHEREFORE** for the reasons set forth above, Appellant's Motion for Rehearing regarding the Motion to Abate Appeal should be DENIED. The Motion to Abate Appeal was properly denied by this Court.

Respectfully submitted,

123rd JUDICIAL DISTRICT ATTORNEY

/S/ Kenneth B. Florence
STATE'S ATTORNEY    TB#00790698
200 San Augustine Street ~ Suite 12
Center, Texas 75935
(936) 598-2489    Fax (936) 598-4106

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the State's Opposition to Motion for Rehearing and Opposition to Motion to Abate Appeal, as related above, was served upon, Seth Johnson, Attorney for Appellant, via e-file, on this 21st day of September 2015.

/S/ Kenneth B. Florence