

# Fourth Court of Appeals
## San Antonio, Texas

November 24, 2015

No. 04-15-00291-CR

The State of Texas,
Appellant

v.

Richard Michael Donohoo,
Appellee

From the County Court at Law No. 8, Bexar County, Texas
Trial Court No. 453259
The Honorable Celeste Brown, Judge Presiding

## O R D E R

This appeal was submitted on October 7, 2015. For the reasons that follow, the appeal is withdrawn from submission.

Richard Michael Donohoo moved to suppress evidence obtained as a result of a warrantless arrest and as a result of "custodial interrogation without proper Miranda warnings." Donohoo's motion alleged that he was immediately arrested after he exited his apartment. Donohoo further alleged that "[t]hereafter followed custodial interrogation without proper Miranda warnings, field sobriety testing, transport to the Magistrate's Office for intoxilyzer testing, and follow-up booking procedures." The trial court's order granted Donohoo's motion "in all respects."

The trial court made oral findings of fact and conclusions of law as to whether Donohoo's warrantless arrest was authorized by article 14.03(a)(1) of the Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. art. 14.03(a)(1) (West 2015).

However, the trial court did not make findings of fact and conclusions of law regarding when Donohoo was arrested and whether Donohoo made voluntary statements to police officers and participated in field sobriety tests "during custodial interrogation without proper Miranda warnings."

The trial court is required to make written findings of fact "in all cases concerning voluntariness." *Vasquez v. State*, 411 S.W.3d 918, 920 (Tex. Crim. App. 2013) (citing TEX. CODE CRIM. PROC. ANN. art. 38.22, § 6). This includes cases involving an alleged violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). *See Vasquez*, 411 S.W.3d at 919. The trial court is also

obligated "to make findings and conclusions that were adequate and complete, covering every potentially dispositive issue that might reasonably be said to have arisen in the course of the suppression proceedings." *State v. Elias*, 339 S.W.3d 667, 676 (Tex. Crim. App. 2011). This court may not imply findings in support of the trial court's suppression order. *See id.*; *State v. Saenz*, 411 S.W.3d 488 (Tex. Crim. App. 2013) (court of appeals must abate for additional findings when trial court's findings regarding the circumstances of interrogation are insufficiently specific or detailed from which to reach a legal conclusion on the question of custody).

We therefore withdraw the appeal from submission, abate the appeal, and remand the case to the trial court to make the following determinations. With respect to each, we direct the trial court to state its conclusion and the specific findings of fact upon which the conclusion is based.

a. When was Donohoo arrested?

b. If the trial court concludes Donohoo was arrested after officers obtained evidence that Donohoo moved to suppress, was Donohoo detained and, if so, when was Donohoo detained and was there reasonable suspicion to support Donohoo's detention?

c. Was Donohoo in custody before officers obtained evidence that Donohoo moved to suppress? The specific findings of fact should include—but are not limited to—the following:

i. Did the focus of the officers' investigation center on Donohoo? If so, when?

ii. Did the officers reasonably believe that Donohoo had committed a criminal offense? If so, when?

iii. Did any officer tell Donohoo that he was not free to leave? If so, when?

iv. Did any officer physically deprive Donohoo of his freedom of action in any significant way? If so, when?

v. Did any officer create a situation that would lead a reasonable person to believe that his freedom of movement has been significantly restricted? If so, when?

vi. Was Donohoo given Miranda warnings? If so, when?

d. For purposes of section 6 of article 38.22 of the Texas Code of Criminal Procedure, were Donohoo's statements voluntarily made and made under voluntary conditions?

We further order the trial court to specifically identify the evidence that was suppressed.

We order the findings of fact be filed in a supplemental clerk's record by **December 28, 2015**.

It is so **ORDERED** on November 24, 2015.

_____
Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 24th day of November, 2015.



Keith E. Hottle
Clerk of Court