**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER OF ABATEMENT

Appellate case name:          Milton Rolando Paz v. The State of Texas

Appellate case number:      01-15-00979-CR

Trial court case number:    1296569

Trial court:                        351st District Court of Harris County

A jury convicted appellant, Milton Rolando Paz, of the non-death capital offense of capital murder, and the trial court, The Honorable Leslie Yates, visiting judge, assessed his punishment at life confinement without parole. Although Judge Yates had conducted a hearing on appellant's motion to suppress his statements based, in part, on his claim that they were not voluntarily made, the trial court denied the motion on the record on October 27, 2015, but did not enter findings of fact and conclusions of law at that time, as required by Texas Code of Criminal Procedure Article 38.22 § 6.

Appellant's appointed trial counsel, Jimmy Ortiz, timely filed a notice of appeal, which included a motion to withdraw and request for appointment of appellate counsel. The trial court certified that this is not a plea-bargain case and that appellant has the right to appeal in the above trial court case. Daucie Schindler was appointed by the trial court as appellant's counsel and she filed an appellate brief, noting that the trial court failed to file findings and conclusions, but she did not file a motion to abate.

On July 25, 2016, the State filed this motion to abate the appeal and remand the cause to the trial court to enter findings of fact and conclusions of law, as required by Texas Code of Criminal Procedure Article 38.22 § 6. After a review of the clerk's record, it appears that neither party requested findings, but that the trial court failed to submit findings of fact and conclusions of law on the voluntariness of appellant's statements, if any, which are required by Article 38.22 § 6.

Article 38.22, section 6 of the Texas Code of Criminal Procedure requires the trial court to make written factual findings and conclusions of law as to whether a challenged statement was made voluntarily, even if the appellant did not request them or object to their absence. TEX. CODE CRIM. APP. PROC. ANN. art. 38.22 § 6 (West Supp. 2015); *see Vasquez v. State*, 411 S.W.3d 918, 920 (Tex. Crim. App. 2013) (vacating and remanding for the trial court to make findings and conclusions regarding the voluntariness of the appellant's statements, even though neither party requested them). This statute makes written findings mandatory in all cases where a question is raised as to the voluntariness of a statement of an accused, and the proper procedure to correct the error is to abate and direct the trial court to make the written factual findings and conclusions of law. *See* TEX. R. APP. P. 44.4(b); *Vasquez*, 411 S.W.3d at 920.

Accordingly, the Court **grants** the State's motion, **abates** the appeal, and **remands** for the trial court to enter written findings of fact and conclusions of law, separate and apart from any docket sheet notations in this case, on the voluntariness of appellant's statements and admissions, if any. *See Vasquez*, 411 S.W.3d at 920 (listing the criteria for the trial court to determine voluntariness on remand); TEX. CODE CRIM. APP. PROC. ANN. art. 38.22 § 6. The trial court shall make the appropriate findings and conclusions and shall cause them to be filed with the trial court clerk within **30 days** of the date of this order. We further order the trial court clerk to file a supplemental clerk's record containing the trial court's findings of fact and conclusions of law with this Court within **30 days** of the date of this order.

This appeal is abated, treated as a closed case, and removed from this Court's active docket. This appeal will be reinstated on this Court's active docket after a supplemental clerk's record that complies with this Order is filed in this Court.

It is so **ORDERED**.

Judge's signature: /s/ <u>Laura Carter Higley</u>
                         ☒ Acting individually     ☐ Acting for the Court

Date: <u>July 28, 2016</u>