COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER OF ABATEMENT

Appellate case name:        Saul Santiago Acuna v. The State of Texas

Appellate case number:     01-16-00533-CR

Trial court case number:   1445281

Trial court:                       174th District Court of Harris County

A jury convicted appellant, Saul Santiago Acuna, of the non-death penalty capital offense of capital murder, and the trial court, the Honorable Frank Price, assessed his punishment at life confinement without parole on May 27, 2016. Although Judge Price had conducted a hearing on appellant's motion to suppress his statements based, in part, on his claim that they were not voluntarily made, the trial court denied the motion on the record on May 24, 2016, and signed a written order that day, but did not enter findings of fact and conclusions of law at that time, as required by Texas Code of Criminal Procedure Article 38.22 § 6. Appellant's appointed counsel, Mary E. Conn, timely filed a notice of appeal, and the trial court certified that this is not a plea-bargain case and that appellant has the right to appeal in the above trial court case.

On December 19, 2016, appellant's counsel filed this motion to abate the appeal and remand the cause to the trial court to enter findings of fact and conclusions of law, as required by Texas Code of Criminal Procedure Article 38.22 § 6. After a review of the clerk's record, it appears that neither party requested findings, but that the trial court failed to submit findings of fact and conclusions of law on the voluntariness of appellant's statements, which are required by Article 38.22 § 6.

Article 38.22, section 6 of the Texas Code of Criminal Procedure requires the trial court to make written factual findings and conclusions of law as to whether a challenged statement was made voluntarily, even if the appellant did not request them or object to their absence. TEX. CODE CRIM. APP. PROC. ANN. art. 38.22 § 6 (West Supp. 2016); *see Vasquez v. State*, 411 S.W.3d 918, 920 (Tex. Crim. App. 2013) (vacating and remanding

for the trial court to make findings and conclusions regarding the voluntariness of the appellant's statements, even though neither party requested them). This statute makes written findings mandatory in all cases where a question is raised as to the voluntariness of a statement of an accused, and the proper procedure to correct the error is to abate and direct the trial court to make the written factual findings and conclusions of law. *See* TEX. R. APP. P. 44.4(b); *Vasquez*, 411 S.W.3d at 920.

Accordingly, the Court **grants** the appellant's motion, **abates** the appeal, and **remands** for the trial court to enter written findings of fact and conclusions of law, separate and apart from any docket sheet notations in this case, on the voluntariness of appellant's statements and admissions, if any. *See Vasquez*, 411 S.W.3d at 920 (listing the criteria for the trial court to determine voluntariness on remand); TEX. CODE CRIM. APP. PROC. ANN. art. 38.22 § 6. The trial court shall make the appropriate findings and conclusions and shall cause them to be filed with the trial court clerk within **30 days** of the date of this order. We further order the trial court clerk to file a supplemental clerk's record containing the trial court's findings of fact and conclusions of law with this Court within **30 days** of the date of this order. Appellant's motion to extend time to file appellant's brief, filed on December 27, 2016, is **dismissed without prejudice** to refiling after this appeal is reinstated.

This appeal is abated, treated as a closed case, and removed from this Court's active docket. This appeal will be reinstated on this Court's active docket after a supplemental clerk's record that complies with this Order is filed in this Court.

It is so **ORDERED**.

Judge's signature: /s/ Evelyn V. Keyes
⊠ Acting individually

Date: December 29, 2016