

# Fourth Court of Appeals
## San Antonio, Texas

November 20, 2018

No. 04-18-00400-CR

Jesus **MEDRANO**, **JR**.,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 25th Judicial District Court, Guadalupe County, Texas
Trial Court No. 18-0848-CR-B
Charles Ramsay, Judge Presiding

# O R D E R

In Appellant's brief he asserts that the trial court failed to file written findings of fact on the voluntariness of Appellant's statement. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22 § 6; *Vasquez v. State*, 411 S.W.3d 918, 920 (Tex. Crim. App. 2013) ("[T]he requirement for 38.22 findings applies whenever there is a challenge to a statement's voluntariness."). Appellant asks this court to abate the appeal for the trial court to make findings of fact and conclusions of law as required. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22 § 6; *Vasquez*, 411 S.W.3d at 920.

The appellate records shows Appellant moved to suppress the Appellant's video interview by the investigating officers. The trial court held a hearing on the motion, the defendant and the State presented their arguments to the trial court outside the presence of the jury, and the trial court denied the motion to suppress. The trial court did not make contemporaneous oral findings of fact or conclusions of law.

The appellate record does not appear to contain written findings of fact and conclusions of law on the voluntariness of Appellant's statement.

Appellant's motion to abate this appeal is GRANTED. We ABATE this appeal and REMAND this cause to the trial court.

We ORDER the trial court to file in this court written findings of fact and conclusions of law within THIRTY DAYS of the date of this order. *See Vasquez*, 411 S.W.3d at 920 ("[T]he

requirement for 38.22 findings applies whenever there is a challenge to a statement's voluntariness."); *Wicker v. State*, 740 S.W.2d 779, 784 (Tex. Crim. App. 1987) ("The proper procedure is that the appeal will be abated and the trial judge will be directed to reduce to writing his findings on the disputed issues surrounding the taking of appellant's confession."). "The trial judge may review the transcription of the testimony upon which his original ruling was made, if necessary, in order to refresh his recollection of the reasons behind such ruling." *Wicker*, 740 S.W.2d at 784.

The State's brief will be due THIRTY DAYS after the trial court's written findings of fact and conclusions of law are filed in this court.

All other appellate deadlines are SUSPENDED pending further order of this court.

_____
Patricia O. Alvarez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 20th day of November, 2018.

_____
Keith E. Hottle
Clerk of Court