

## NUMBER 13-19-00513-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

**MARIA DOLORES GARCIA,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

### On appeal from the 437th District Court
### of Bexar County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina
Memorandum Opinion by Chief Justice Contreras**

Appellant Maria Dolores Garcia was convicted of murder, a first-degree felony, and she was sentenced to forty years' imprisonment. *See* TEX. PENAL CODE ANN. § 19.02. By five issues on appeal, appellant argues the trial court erred by: (1) denying her pre-trial motion to suppress; (2) admitting State's Exhibit 3-B into evidence; (3) admitting State's Exhibit 8 into evidence; (4) admitting testimony of social media messages between

appellant and a witness; and (5) refusing to strike from the record, and failing to instruct the jury to disregard, a question asked by the prosecutor. We affirm.[1]

## I. BACKGROUND

The indictment alleged that, on or about November 3, 2017, appellant intentionally or knowingly caused the death of Jonanthony Seguin by shooting him with a firearm. Trial testimony established that appellant and Seguin got into a heated verbal argument in the parking lot of a convenience store on Castroville Road in San Antonio. A witness testified that appellant was "yelling" at and "harassing" Seguin and was blocking him from leaving the parking lot. The witness stated that Seguin "wasn't taking [appellant] very seriously" and appellant "didn't like" that. About three hours later, appellant was with several other people using heroin at a gathering place near the store known to locals as "the tree." Witnesses stated that appellant was carrying a gun. At one point, Seguin approached the tree, but he turned back when he was warned that appellant was armed. He returned a short while later, laughing at appellant. Appellant then shot Seguin in the face, killing him instantly. Witnesses said that, after shooting Seguin, appellant knelt over his body, hit him in the face with the gun, and proceeded to yell at him that it was his fault.

The jury found appellant guilty as charged and sentenced her to forty years' imprisonment. This appeal followed.

## II. DISCUSSION

### A. Motion to Suppress

Prior to trial, appellant filed a motion to suppress evidence of oral statements she

---

[1] This appeal was transferred from the Fourth Court of Appeals in San Antonio pursuant to an order issued by the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 73.001.

made to police concerning the shooting. She argued that her statements were not made voluntarily and that the evidence did not comply with *Miranda* or article 38.22 of the code of criminal procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 3(a) (setting forth certain requirements for the admission of oral custodial statements by an accused); *Miranda v. Arizona*, 384 U.S. 436, 479 (1966).

At a hearing on the motion on May 20, 2019, Detective Richard Richardson of the San Antonio Police Department identified State's Exhibit 1 as a DVD copy of appellant's video recorded statement. The DVD shows that Richardson gave *Miranda* warnings to appellant and that appellant orally acknowledged she understood her rights. Richardson conceded that portions of the recording had been redacted, including an instance when appellant invoked her right to counsel. Later, on cross-examination, the following colloquy occurred:

| Q. [Defense counsel] | And when you initiated . . . talking to [appellant], did she—there was an exchange with you guys whereby she indicated to you that she asked if she was going to get a lawyer, correct? |
|---|---|
| A. [Richardson] | Yes. |
| Q. | And in your mind, was that sufficient to invoke her Sixth Amendment right to counsel? Or did you feel like she wasn't asking for that at that point? |
| A. | She wasn't asking for that at that point. |
| Q. | Okay. And do you recall—you just watched this redacted version. Do you recall whether she signed or acknowledged understanding the admonishments that you administered to her? |
| A. | She did not. |
| Q. | So to be clear, she didn't sign anything? |
| A. | No, sir. |

Q. And did she indicate to you that she understood those rights?

A. Yes, sir.

Q. How did she do that?

A. Verbally.

The trial court denied the motion to suppress.

By her first issue on appeal, appellant contends that the trial court erred in denying the motion to suppress because she "clearly and intentionally invoked her right to counsel" during the interview with Richardson. In response, the State argues that the issue fails because "there was no judicial ruling in trial on this issue." The State observes that, though the recording was entered into evidence during the pre-trial suppression hearing, it was not entered into evidence at trial.

We agree with the State that the issue lacks merit. Appellant does not identify any point in the trial record showing that her statements to Richardson were ever entered into evidence, exhibited to the jury, or referred to by any witness. Thus, even if the trial court erred by denying appellant's motion to suppress, such error would not be reversible because it did not contribute to appellant's conviction or punishment or otherwise affect her substantial rights. *See* TEX. R. APP. P. 44.2(a) (providing that constitutional error is reversible unless we determine beyond a reasonable doubt that the error did not contribute to the conviction or punishment), 44.2(b) (providing that non-constitutional errors that do not affect substantial rights must be disregarded).

Appellant asks, in the alternative, that we abate the appeal and remand the cause to the trial court for findings of fact and conclusions of law relating to the motion to suppress. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 6 (stating that "[i]n all cases

4

where a question is raised as to the voluntariness of a statement of an accused," the trial court must file findings of fact and conclusions of law after holding a hearing outside the presence of the jury); *Vasquez v. State*, 411 S.W.3d 918, 920 (Tex. Crim. App. 2013) (holding that, when ruling on a motion to suppress challenging the voluntariness of a confession, a trial court must file findings of fact and conclusions of law "whether or not the defendant objects to the absence of such omitted filing"). We decline to do so because, as noted, the evidence which the trial court refused to suppress was never before the jury and played no part in the verdict as to guilt or punishment. *See* Tex. R. App. P. 44.2. Appellant's first issue is overruled.

**B. Admission of Exhibits**

Appellant's next three issues challenge the admission of evidence at trial. We review a trial court's decision on the admissibility of evidence for an abuse of discretion. *Johnson v. State*, 490 S.W.3d 895, 908 (Tex. Crim. App. 2016). Under this standard, we will uphold the decision of the trial court unless the ruling falls outside the zone of reasonable disagreement. *Id.*

By her second issue, appellant contends that the trial court erred by admitting State's Exhibit 3-B. During the trial testimony of Officer Sandra Zimmerman of the San Antonio Police Department, the State offered two sets of video recordings obtained from the officer's bodycam and dashcams as Exhibits 3-A and 3-B, respectively. Appellant objected as follows:

| | |
|---|---|
| [Prosecutor]: | Okay. And, Your Honor, at this time the State would offer State's Exhibit 3-A and 3-B into evidence pending defense objection. |
| [Defense counsel]: | And, Your Honor, so we are going to object to 3-B, being as there—she has stated that there is only one video on here, and there's actually more than one |

5

|  |  |
|---|---|
| | video on here.[2] Also, the fact that it is going to include a lot of hearsay. Same objection for 3-A. The video[s] themselves are going to have lots of conversations between the officers, witnesses at the scene, which would be hearsay. |
| THE COURT: | Okay. |
| [Prosecutor]: | And, Judge, the State's response, on the COBAN[3] video, there are two actual videos. Officer Zimmerman may not remember that. I just made defense aware it is one video clip from the front seat, one video clip for the back seat. There's no audio on the COBAN video. So there wouldn't be any hearsay. The only audio comes from the body cam. |
| THE COURT: | Okay. |
| [Defense counsel]: | She testified that there is only one video. So I'm not sure that it's— |
| [Prosecutor]: | Judge, she's initialed this. She watched it earlier. I understand that she's testified that there's only one video. But she did watch this in its entirety. And maybe she forgets that there [are] two[] videos on here. |
| THE COURT: | So what I'm going to do then is we're going to take a 10-minute break. And then if the State wants to show it to her again, that['s] fine. You can ask her additional questions. Otherwise, I'm sustaining the objection to both of these. |

After a recess, the prosecutor stated: "Your Honor, at this time, due to defense objection, we would still offer State's Exhibit 3-B. There's no audio on there, so there wouldn't be any hearsay objection to that. She has reviewed those and there are two video clips on there. She clarified that for defense." The trial court sustained appellant's objection to Exhibit 3-A but overruled the objection to Exhibit 3-B.

---

[2] When asked previously whether Exhibit 3-B contained "two separate videos or one video," the officer stated: "It will be one video. You can switch the camera to go from the back to the front."

[3] The officer testified that COBAN is the name of the dashcam system.

On appeal, citing *Melendez-Diaz v. Massachusetts*, 557 U.S. 305, 311 (2009), appellant contends that "the Sixth Amendment does not permit the State to prove its case via ex parte out-of-court statements" and she argues that Exhibit 3-B "contained several such statements, each of which was used to try to prove the truth of the matter." However, appellant does not refer to any specific examples of inadmissible hearsay statements on the video. Therefore, we overrule her second issue as inadequately briefed. *See* TEX. R. APP. P. 38.1(i). In any event, our review of the exhibit confirms the prosecutor's representation at trial that there is no intelligible audio on the exhibit.

By her third issue, appellant argues the trial court erred by admitting into evidence State's Exhibit 8, an envelope containing a shell casing that was recovered from the scene of the shooting. At trial, defense counsel objected to the exhibit on grounds that there were "writings" on the outside of the envelopes made by unknown individuals. Defense counsel conceded that "[w]e don't really know what the substance" of the writings is "but our objection would be that that stuff is hearsay." Counsel clarified that he was not objecting to the admission of the shell casings themselves. On appeal, appellant again argues that the exhibit should have been excluded under *Melendez-Diaz* because it contained "ex parte out-of-court statements." We disagree. According to the photocopy of the envelope contained in the reporter's record, the writings on the envelope appear to be dates and initials evidencing transfers within the chain of custody. The only writing which could be construed as a "statement" is a description of the envelope's contents: "One (1) spent shell casing, R.P. 45 Auto, collected from in front." Appellant does not dispute that this is, in fact, an accurate description of what was contained in the envelope. The trial court did not err in admitting this evidence. Appellant's third issue is overruled.

Next, appellant argues by her fourth issue that the trial court erred by admitting testimony regarding social media conversations between appellant and a witness. The witness, Niccole Soto, testified as follows:

Q. [Prosecutor]     Did the defendant ever contact you after the murder that night?

A. [Soto]           Yes, she did, through Facebook, through messenger.

Q.                  And what—what did she tell you when she found out that you—

[Defense counsel]:  Judge, I'm going to object to hearsay. It sounds like it's a message that's being [at]tributed to [appellant] at this point. At least the answer calls for that.

THE COURT:          It's overruled. Go ahead.

Q.                  What did the defendant say to you?

A.                  She said, I heard that there's somebody talking too much because everybody is talking too much. It's nobody's business what happened there. And then, you know, everybody just needs to keep it to themselves, in other words. And she hung up. She just said that. And I said, No, no—nobody's talking. We're just talking amongst each other. Nobody has talked to the cops. I hadn't talk[ed] to the cops yet, you know what I mean?

Appellant contends on appeal that her objection should have been sustained on hearsay grounds and that the testimony was "used by the State to show that [appellant] was untrustworthy and to establish her guilt."

Hearsay is an out-of-court statement which "a party offers in evidence to prove the truth of the matter asserted in the statement." TEX. R. EVID. 801(d). The State appears to acknowledge that the statement at issue here was offered to prove the truth of the matter asserted because "[t]he fact [that] Appellant didn't want anyone to talk about the murder strongly implied her guilt." TEX. R. EVID. 801(c)(2) (defining "matter asserted" to mean "any

matter implied by a statement, if the probative value of the statement as offered flows from the declarant's belief about the matter"). Nevertheless, the State contends that the statement was admissible because it was an "admission by a party-opponent, which is by rule not hearsay." We agree. Rule 801(e)(2) provides that a "statement offered against an opposing party" is not hearsay if it "was made by the party in an individual or representative capacity." TEX. R. EVID. 801(e)(2)(A). A statement by a party-opponent need not be an "admission" of guilt in order to be admissible under this rule. *See* TEX. R. EVID. 801 cmt. (noting that "a statement can be within the exclusion even if it 'admitted' nothing and was not against the party's interest when made"). Appellant's fourth issue is overruled.

## C. Motion to Strike

Appellant's fifth issue concerns the following colloquy which occurred during the State's cross-examination of appellant's older sister during the punishment phase of trial:

Q. [Prosecutor]    Do you know [appellant's] child named Andrea?

A. [Witness]    Yeah.

Q.    She[] goes by "Gorda"?

A.    Yes.

Q.    Are you aware that the defendant was talking to "Gorda"?

A.    No.

Q.    Well, was trying to get ahold of "Gorda." You're not aware of that?

[Defense counsel]:    Asked and answered, Your Honor.

[Prosecutor]:    I'll move on, Your Honor.

THE COURT:    Okay.

| Q. [Prosecutor] | Trying to get "Gorda" to come in here and testify for her? |
|---|---|
| [Defense counsel]: | Objection, speculation. She's already said that she doesn't know that they have talked. |
| THE COURT: | To the speculation part it's sustained. You can rephrase it if you want. |
| [Defense counsel]: | We would ask for that to be stricken from the record, Your Honor, and an instruction given to the jury to disregard. |
| [Prosecutor]: | Your Honor, I can rephrase— |
| THE COURT: | That request is overruled. Go ahead. |
| [Prosecutor]: | Thank you, Judge. |
| Q. [Prosecutor] | Are you aware at all to any conversations that the defendant has had with anyone trying to get them in here to testify for her? |
| A. | No. |

Appellant argues by her fifth issue on appeal that the trial court should have granted her request to strike the prosecutor's question from the record and to instruct the jury to disregard it. She argues that "[i]t is impossible to determine the amount of damage done to the Defendant by implying to a jury determining a punishment for murder that the Defendant's children would not testify for her."

Appellant cites no authority in the section of her brief addressing this issue. *See* Tᴇx. R. Aᴘᴘ. P. 38.1(i). In any event, we find no abuse of discretion. *See Johnson*, 490 S.W.3d at 908. The trial court sustained appellant's objections before the witness could answer the questions, and the witness eventually testified that she was not aware of appellant asking anyone to testify on her behalf. There was no actual testimony from which the jury could have inferred that appellant's children "would not testify for her." And, though the trial court declined to instruct the jury to disregard the question, it did instruct

the jury in the punishment charge that it may only consider "evidence introduced during the guilt phase of the trial as well as any evidence introduced at the punishment phase of the trial" in determining punishment. Appellant has not pointed to anything in the record indicating that the jury disobeyed this instruction. *Colburn v. State*, 966 S.W.2d 511, 520 (Tex. Crim. App. 1998) (observing that there is a rebuttable presumption that the jury followed the trial court's instructions). We overrule appellant's fifth issue.

### III. CONCLUSION

The judgment of conviction is affirmed.

DORI CONTRERAS
Chief Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
15th day of April, 2021.