

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| LEONEL HERNANDEZ, | § | No. 08-19-00152-CR |
| Appellant, | § | Appeal from the |
| v. | § | 168th Judicial District Court |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
| Appellee. | § | (TC#20160D03827) |

## ORDER

A jury found Appellant, Leonel Hernandez, guilty of the murder of Richard Madrigal. Prior to trial, Appellant filed a motion to suppress statements that he made to the police during a recorded interview at police headquarters, and a statement he made to detectives while being transported to a magistrate. This latter statement pertained to the location of what was eventually found to be the murder weapon. Following a series of hearings, the trial court granted Appellant's motion to suppress his recorded interview, and that decision was not challenged by the State and is not before us. The trial court, however, denied the motion to suppress the oral statement made to the police detectives about the location of the gun while Appellant was being transported to the magistrate. That ruling was made in open court, but no findings of facts were made in support of the ruling.

1

Appellant has challenged that ruling on appeal, contending that the oral statement was not voluntarily given under TEX.CODE CRIM.PROC.ANN. art 38.22. Subsection 3(a) of article 38.22 provides in part that an accused's custodial statements are inadmissible unless they are recorded, and the accused is duly warned of rights and makes a knowing, intelligent, and voluntary waiver of those rights. *Id.* § 3(a). Appellant's arguments below and on appeal are also broad enough to invoke his federal due process protections, and rights under the *Miranda*[1] decision. *See Wolfe v. State*, 917 S.W.2d 270, 282 (Tex.Crim.App. 1996) ("A confession may be deemed 'involuntary' under three different theories: (1) failure to comply with Article 38.22, (2) failure to comply with the dictates of *Miranda* . . . , or (3) a confession in violation of due process or due course of law because it was not freely given (e.g. coercion, improper influences, incompetency).").

The trial court did state on the record that the statement regarding the location of the gun was permitted by subsection 3(c) that provides "Subsection (a) of this section shall not apply to any statement which contains assertions of facts or circumstances that are found to be true and which conduce to establish the guilt of the accused, such as the finding of secreted or stolen property or the instrument with which he states the offense was committed." TEX.CODE CRIM.PROC.ANN. art. 38.22 § 3(c). On appeal, the parties have clashed over the scope the subsection 3(c) exception. But they have also engaged over whether the statement about the location of the gun was voluntary under federal constitutional law, or any residual portions of article 38.22 to which subsection 3(c) might not apply. And in the absence of findings of facts and conclusions of law, the briefs dispute what implied findings might or might not support the trial court's ruling.

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 444-45 (1966).

We note that section 6 of 38.22 requires that:

> In all cases where a question is raised as to the voluntariness of a statement of an accused, the court must make an independent finding in the absence of the jury as to whether the statement was made under voluntary conditions. If the statement has been found to have been voluntarily made and held admissible as a matter of law and fact by the court in a hearing in the absence of the jury, the court must enter an order stating its conclusion as to whether or not the statement was voluntarily made, along with the specific finding of facts upon which the conclusion was based, which order shall be filed among the papers of the cause.

TEX.CODE CRIM.PROC.ANN. art. 38.22. Neither party below formally requested findings of fact. Nor was a request made by the parties while the case was on appeal. But the Texas Court of Criminal Appeals has indicated that intermediate appellate courts have an independent duty to request required findings, even if the parties do not:

> Under article 38.22 of the Texas Code of Criminal Procedure, "[i]n *all cases* where a question is raised as to the voluntariness of a statement of an accused, the [trial] court . . . must enter an order stating its conclusion as to whether or not the statement was voluntarily made, along with the specific finding of fact upon which the conclusion was based, which order shall be filed among the papers of this cause." We have held that if a statement is involuntary as a matter of federal constitutional law, it is also involuntary for purposes of article 38.22. This, essentially, means that the requirement for 38.22 findings applies whenever there is a challenge to a statement's voluntariness.
>
> In this case, no findings of fact were filed. This was error. The Court of Appeals further erred by not abating for such findings.
>
> Here, neither party requested written findings at any level of the proceedings, and the issue was not considered by the lower court. Nonetheless, section 6 of article 38.22 clearly requires that the trial court make such findings. We hold that written findings are required in all cases concerning voluntariness. The statute has no exceptions.

*Vasquez v. State*, 411 S.W.3d 918, 920 (Tex.Crim.App. 2013) (footnotes omitted, emphasis original). The *Vasquez* court remanded the case to the court of appeals with instructions to obtain the trial court's finding of facts on the issues relevant in that appeal.

Accordingly, we abate the appeal and remand to the trial court for findings of fact. Specifically, the trial court should determine whether any post-interrogation statements concerning

3

the location of the gun were "voluntary" under the prevailing standards imposed by (1) the Due Process Clause, (2) *Miranda*, and (3) article 38.22. To the extent that there are ancillary fact questions necessary to explain any of the trial court's ultimate conclusions as to these matters, the trial court is encouraged to address them. The trial court shall file the written findings of fact with the district clerk no later than November 5, 2021. The district clerk shall include the findings of fact in a supplemental clerk's record and forward it to this Court no later than November 19, 2021. After these findings are filed, the parties may separately address their need, if any, to file short supplemental briefs by filing a motion requesting the right to do the same. The appeal is abated until the trial court's fact findings are filed with this Court.

IT IS SO ORDERED THIS 21ST DAY OF SEPTEMBER, 2021.

JEFF ALLEY, Justice

Before Rodriguez, C.J., Palafox, and Alley, JJ.

4