# NO. 12-15-00198-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DEVAUGNDRA RASHAD MILLER,* *APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *PER CURIAM ORDER*

Devaugndra Rashad Miller appeals his convictions for aggravated robbery, aggravated kidnapping, burglary of a habitation, and injury to an elderly individual. In Appellant's sole issue, he complains that the trial court failed to make findings of fact and conclusions of law following the hearing on his motion to suppress his statements to the police. Appellant filed a pretrial motion to suppress the statements, and a hearing was held on the motion. Thereafter, the trial court denied the motion to suppress. We do not find in the record the trial court's "order stating its conclusion as to whether or not the statement[s] w[ere] voluntarily made, along with the specific finding of facts upon which the conclusion was based," as required under Texas Code of Criminal Procedure Article 38.22, Section 6.

The court of criminal appeals has held that "written findings are required in all cases concerning voluntariness. The statute has no exceptions." *See Vasquez v. State*, 411 S.W.3d 918, 920 (Tex. Crim. App. 2013). Thus, a court of appeals errs by not abating for the requisite findings, even where neither party requested written findings at any level of the proceedings. *See id*. Therefore, we must abate the case, remand it for preparation of an order stating the trial court's conclusions and findings of fact pursuant to Texas Code of Criminal Procedure Article 38.22, Section 6, and direct that the order be filed in this court in a supplemental clerk's record.

Accordingly,

It is **ORDERED** that the Honorable Mark Calhoon shall immediately prepare and file an order including his conclusions and supporting findings of fact regarding the voluntariness of Appellant's statements in compliance with Texas Code of Criminal Procedure, Article 38.22, Section 6.

It is **FURTHER ORDERED** that a *supplemental clerk's record including the order and findings* be certified to this Court on or before **October 31, 2016**.

It is **FURTHER ORDERED** that the Appellant shall have thirty (30) days from the date that the supplemental clerk's record is filed to file any supplemental brief based on the conclusions and findings of the trial court.

It is **FURTHER ORDERED** that the Appellee shall have thirty (30) days from the date that the Appellant files his supplemental brief, or from the date that Appellant's time to file a supplemental brief expires, whichever is earlier, to file any supplemental brief based on the trial court's conclusions and findings and the Appellant's supplemental brief.

WITNESS the Honorable James T. Worthen, Chief Justice, Court of Appeals, 12th Court of Appeals District, Tyler, Texas.

GIVEN UNDER MY HAND AND SEAL OF OFFICE at Tyler, Texas this 30th day of September, 2016 A.D.

Respectfully yours,
PAM ESTES,
CLERK

By: *Katrina McClenny*

Katrina McClenny, Chief Deputy Clerk