

# NUMBER 13-14-00245-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **HECTOR VARGAS HERNANDEZ,** | **Appellant,** |
| **v.** | |
| **THE STATE OF TEXAS,** | **Appellee.** |

### On appeal from the 404th District Court
### of Cameron County, Texas.

# ORDER

### Before Justices Contreras,[1] Longoria, and Hinojosa
### Order Per Curiam

Appellant Hector Vargas Hernandez appeals his convictions for continuous sexual

abuse of a child and two counts of aggravated sexual assault of a child.   Appellant argues

on appeal that the trial court erred in denying his pretrial motion to suppress his oral

---

[1] Justice Dori Contreras, formerly Dori Contreras Garza.  *See* TEX. FAM. CODE ANN. § 45.101 *et seq.* (West, Westlaw through 2015 R.S.).

statements. The trial court conducted a hearing on appellant's pretrial motion to suppress his statements and denied the motion without entering findings of fact and conclusions of law.

When a question is raised as to the voluntariness of an accused's statement, Texas Code of Criminal Procedure Article 38.22, Section 6 requires the trial court to "enter an order stating its conclusion as to whether or not the statement was voluntarily made, along with the specific finding of facts upon which the conclusion was based, which order shall be filed among the papers of the cause." TEX. CODE CRIM. PROC. ANN. art. 38.22, § 6 (West, Westlaw through 2015 R.S.). The requirements of Article 38.22, Section 6 are mandatory whether or not a defendant objects to the absence of the findings. *Vasquez v. State*, 411 S.W.3d 918, 920 (Tex. Crim. App. 2013) ("We hold that written findings are required in all cases concerning voluntariness. The statute has no exceptions."); *Urias v. State*, 155 S.W.3d 141 (Tex. Crim. App. 2004); *Wiker v. State*, 740 S.W.2d 779, 783 (Tex. Crim. App. 1987). Further, an appellate court errs if it does not abate a cause for such findings. *Vasquez*, 411 S.W.3d at 920.

Accordingly, we must exercise our authority under Texas Rule of Appellate Procedure 44.4, and remand the case to the trial court and order the trial court to enter findings of fact and conclusions of law. TEX. R. APP. PROC. 44.4. We now ABATE this appeal and REMAND the cause to the trial court to comply with the provisions of Article 38.22, Section 6 of the Texas Code of Criminal Procedure. Upon remand, the trial court is instructed to enter an order stating its conclusion as to whether or not the challenged statements were voluntarily made, along with specific findings of fact upon which the

2

conclusion is based. A supplemental record containing these findings of fact and conclusions of law should be included in a supplemental clerk's record which should be submitted to the Clerk of this Court within thirty days from the date of this order.

It is so ORDERED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
31st day of January, 2017.

3