# NO. 12-16-00191-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *EDWARD CABALLERO,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 369TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *ANDERSON COUNTY, TEXAS* |

## *PER CURIAM ORDER*

In four issues, Edward Caballero appeals his conviction for unlawful possession of a firearm by a felon. In his second and third issues, Appellant contends that the trial court failed to make findings of fact and conclusions of law related to Appellant's objections to the State's Exhibits 13 and 14. He argues that such findings of fact and conclusions of law are required by Article 38.22, section 6, of the Texas Code of Criminal Procedure. The State asserts that Appellant failed to specifically object to the voluntariness of the challenged statements or present any evidence on the issue.[1] The State further argues that the trial court's failure to file findings of fact and conclusions of law is harmless error.

Appellant's second issue addresses State's Exhibit 13, which is a recording of a telephone conversation between Christian Clements and Appellant's wife. Appellant is heard in the background.

When the State offered Exhibit 13 into evidence, Appellant objected that the exhibit violated Texas Rule of Evidence 803(8)(A)(ii) and (iii). Appellant further objected that the State failed to lay the proper predicate as there was no showing that (1) the recording device was capable of taking testimony, (2) the operator of the device was competent, and (3) the recording

---

[1] Although the State's brief specifically references Exhibit 13 and Appellant's objections to Exhibit 13, the brief is devoid of any specific references to Exhibit 14 and Appellant's objections to Exhibit 14.

was authentic. The trial court heard argument from the State and Appellant on the issue. The trial court then recessed the case until the following morning so that both sides could conduct further research on the issue.

The next morning, the trial court heard additional argument regarding the admissibility of Exhibit 13. Appellant again asserted objections to the State's Exhibit 13, stating "Your Honor, one of the main objections is that it's clearly hearsay and not subject – it denies my client's Sixth Amendment right to confrontation." The trial court overruled Appellant's objections.

With the jury present, the State then reoffered Exhibit 13. Appellant renewed his previous objections.

Based on the record before us, we agree with the State that Appellant never objected to the voluntariness of his statements found in Exhibit 13. Because Appellant never raised a question as to the voluntariness of his statements contained in Exhibit 13, the trial court had no obligation to conduct a hearing or provide findings of fact and conclusions of law as to Exhibit 13. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 6 (West Supp. 2015). Thus, issue two is not preserved for appellate review.

Appellant's third issue addresses Exhibit 14. Ryan Toliver, an investigator with the Anderson County Sheriff's Office, conducted a custodial interview of Appellant. State's Exhibit 14 is a recording of that interview.

Before trial, Appellant filed a "motion to suppress statements." In his motion, Appellant asserted that any statements that he made to law enforcement officers were involuntary, coerced, and enticed. We have no record of a hearing or a ruling on Appellant's motion to suppress.

When the State offered Toliver's recording into evidence, Appellant objected that there was no showing that he waived his *Miranda*[2] rights. Appellant subsequently clarified his objection, "Judge, again, just to make sure, the Court is clear my objection has to do with the fact that there's nothing on the recording that indicates that [Appellant] knowingly, intelligently, and voluntarily waived his rights as set out in that warning."[3] The trial court overruled Appellant's objection.

---

[2] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

[3] The State responded to Appellant's objection by asserting that those legal questions had been argued to the court previously and the court had made its rulings. Again, we note that the record contains Appellant's motion to suppress statements made to law enforcement, but we have no record of a hearing or a ruling on the motion.

2

During his testimony, Toliver agreed that Appellant acknowledged understanding his *Miranda* rights. He testified that Appellant never said that he did not want to talk and never requested to have an attorney present.

We disagree with the State that Appellant failed to object to the voluntariness of his statements contained in Exhibit 14. To the contrary, the record demonstrates that Appellant challenged the voluntariness of his statements to Toliver. *See Urias v. State*, 155 S.W.3d 141, 142 (Tex. Crim. App. 2004) (When the voluntariness of a statement is challenged, the trial court must "make written fact findings and conclusions of law as to whether the challenged statement was made voluntarily."); *see also Leza v. State*, 351 S.W.3d 344, 349 (Tex. Crim. App. 2011) (State has burden to establish voluntariness of a waiver of *Miranda* rights). Accordingly, issue three is preserved for our review.

Regarding the filing of findings and conclusions, the code of criminal procedure contains the following provision:

> In all cases where a question is raised as to the voluntariness of a statement of an accused, the court must make an independent finding in the absence of the jury as to whether the statement was made under voluntary conditions. If the statement has been found to have been voluntarily made and held admissible as a matter of law and fact by the court in a hearing in the absence of the jury, the court must enter an order stating its conclusion as to whether or not the statement was voluntarily made, along with the specific finding of facts upon which the conclusion was based, which order shall be filed among the papers of the cause. … In any case where a motion to suppress the statement has been filed and evidence has been submitted to the court on this issue, the court within its discretion may reconsider such evidence in his finding that the statement was voluntarily made and the same evidence submitted to the court at the hearing on the motion to suppress shall be made a part of the record the same as if it were being presented at the time of trial. However, the state or the defendant shall be entitled to present any new evidence on the issue of the voluntariness of the statement prior to the court's final ruling and order stating its findings.

TEX. CODE CRIM. PROC. ANN. art. 38.22, § 6. In this case, we do not find in the record any order stating the trial court's conclusion as to whether or not Appellant's statements were voluntarily made, along with specific findings of fact upon which the conclusion was based, as required under Article 38.22, section 6.

The court of criminal appeals has held that "written findings are required in all cases concerning voluntariness. The statute has no exceptions." *Vasquez v. State*, 411 S.W.3d 918, 920 (Tex. Crim. App. 2013). Thus, a court of appeals errs by not abating for the requisite findings, even where neither party requested written findings at any level of the proceedings. *See id.* Therefore, we must abate this case, remand it for preparation of an order stating the trial

3

court's conclusions and findings of fact pursuant to Texas Code of Criminal Procedure Article 38.22, section 6, and direct that the order be filed in this Court in a supplemental clerk's record.

Accordingly,

It is ORDERED that the 369th District Court of Anderson County, Texas, shall (1) hold a hearing, if necessary, to determine the voluntariness of Appellant's statements, and (2) immediately prepare and file an order including the court's conclusions and supporting findings of fact regarding the voluntariness of Appellant's statements, in compliance with Texas Code of Criminal Procedure Article 38.22, section 6.

It is FURTHER ORDERED that a supplemental clerk's record including the order and findings be certified to this Court on or before **August 30, 2017**.

It is FURTHER ORDERED that a supplemental reporter's record of any hearing on the voluntariness of Appellant's statements be certified to this Court on or before **August 30, 2017**.

It is FURTHER ORDERED that the Appellant shall have **thirty (30) days** from the later of the date that the supplemental clerk's record is filed or the date that the supplemental reporter's record is filed to file any supplemental brief based on the conclusions and findings of the trial court.

It is FURTHER ORDERED that the State shall have **thirty (30) days** from the date that the Appellant files his supplemental brief, or from the date that Appellant's time to file a supplemental brief expires, whichever is earlier, to file any supplemental brief based on the trial court's conclusions and findings and the Appellant's supplemental brief.

It is FURTHER ORDERED that the submission of this case is postponed to give the parties an opportunity to properly present all issues in their briefs. *See* TEX. R. APP. P. 38.9(b).

WITNESS the Honorable James T. Worthen, Chief Justice, Court of Appeals, 12th Court of Appeals District, Tyler, Texas.

GIVEN UNDER MY HAND AND SEAL OF OFFICE at Tyler, Texas this 31st day of July, 2017 A.D.

Respectfully yours,
PAM ESTES,
CLERK

By: ___Katrina McClenny___
Katrina McClenny, Chief Deputy Clerk

4