

# Fourth Court of Appeals
## San Antonio, Texas

November 17, 2017

No. 04-17-00302-CR

Robert Len **WHITE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CR10291
Honorable Melisa Skinner, Judge Presiding

# O R D E R

After we granted Appellant's first motion for extension of time to file the brief, Appellant's brief was due on November 13, 2017. On the due date, Appellant filed a document titled "Appellant's Brief" that is presented in the form specified for an appellate brief, *see* TEX. R. APP. P. 38.1, but the substance of the document is not an appellate brief; it does not seek relief from the trial court's judgment. Instead, the document argues that the trial court failed to file written findings of fact on the voluntariness of Appellant's statement. *See* TEX. CODE CRIM. PROC. art. 38.22 § 6 (West Supp. 2017). The document asks this court to abate the appeal for the trial court to file findings of fact and conclusions of law as required. *See id.* We construe Appellant's document as a motion to abate this appeal for the trial court to file its findings of fact and conclusions of law.

The appellate records shows the trial court held a hearing on Appellant's motion to suppress his statement to Detective William Scoggins, and the trial court made oral findings of fact and conclusions of law—which are included in volume 1 of the reporter's record filed in this appeal. The appellate record does not appear to contain written findings of fact and conclusions of law on the voluntariness of Appellant's statement to Detective Scoggins.

Appellant's motion to abate this appeal is GRANTED. We ABATE this appeal and REMAND this cause to the trial court.

We ORDER the trial court to file in this court written findings of fact and conclusions of law within THIRTY DAYS of the date of this order. *See Vasquez v. State*, 411 S.W.3d 918, 920 (Tex. Crim. App. 2013) ("[T]he requirement for 38.22 findings applies whenever there is a challenge to a statement's voluntariness."); *Wicker v. State*, 740 S.W.2d 779, 784 (Tex. Crim. App. 1987) ("The proper procedure is that the appeal will be abated and the trial judge will be directed to reduce to writing his findings on the disputed issues surrounding the taking of appellant's confession."). "The trial judge may review the transcription of the testimony upon which his original ruling was made, if necessary, in order to refresh his recollection of the reasons behind such ruling." *Wicker*, 740 S.W.2d at 784.

Appellant's brief will be due THIRTY DAYS after the trial court's written findings of fact and conclusions of law are filed in this court. Any motion for extension of time to file Appellant's brief will be strongly disfavored.

All other appellate deadlines are SUSPENDED pending further order of this court.

_____
Patricia O. Alvarez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 17th day of November, 2017.

_____
Keith E. Hottle
Clerk of Court