

NUMBER 13-19-00326-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

OSCAR DAVILA RODRIGUEZ, Appellant,

v.

THE STATE OF TEXAS, Appellee.

**On appeal from the 139th District Court
of Hidalgo County, Texas.**

# ORDER OF ABATEMENT

**Before Chief Justice Contreras and Justices Benavides and Longoria
Order Per Curiam**

Appellant Oscar Davila Rodriguez appeals his conviction of murder. *See* TEX.
PENAL CODE ANN. § 19.02(b)(1). Before trial, appellant filed a motion to suppress his
statement of accused. In his motion, appellant argued, among other things, that any
statements he made to the McAllen Police Department investigators were not made

voluntarily. At the suppression hearing on his motion, appellant raised the issue of the voluntariness of his statement and objected to its entry into evidence. The appellate record does not contain the trial court's written findings of fact and conclusions of law as to the voluntariness of appellant's statement of accused.

Article 38.22, § 6 of the Texas Code of Criminal Procedure states in relevant part:

> In all cases where a question is raised as to the voluntariness of a statement of an accused, the court must make an independent finding in the absence of the jury as to whether the statement was made under voluntary conditions. If the statement has been found to have been voluntarily made and held admissible as a matter of law and fact by the court in a hearing in the absence of the jury, the court must enter an order stating its conclusion as to whether or not the statement was voluntarily made, along with the specific finding of facts upon which the conclusion was based, which order shall be filed among the papers of the cause.

TEX. CODE CRIM. PROC. ANN. art. 38.22, § 6. The court of criminal appeals has held that "written findings are required in all cases concerning voluntariness. [Article 38.22, § 6] has no exceptions." *Vasquez v. State*, 411 S.W.3d 918, 920 (Tex. Crim. App. 2013). Thus, a court of appeals errs by not abating for the requisite findings, even where neither party requested written findings at any level of the proceedings. *See id.*

Therefore, while neither party requested findings of facts and conclusions of law on the issue of voluntariness of appellant's statement of accused, or objected to its absence, we must abate this case, remand it for preparation of an order stating the trial court's conclusions and findings of fact pursuant to Texas Code of Criminal Procedure Article 38.22, § 6, and direct that the order be filed in this Court in a supplemental clerk's record.

Accordingly, we abate the appeal and remand the cause to the trial court for entry of findings of fact and conclusions of law on the voluntariness of appellant's statement of

accused pursuant to article 38.22, § 6 of the Texas Code of Criminal Procedure. The trial court shall make its findings and conclusions as ordered herein and cause a supplemental clerk's record containing the findings and conclusions to be filed with the Clerk of this Court within thirty (30) days from the date of this order. The appeal will be reinstated upon receipt of the supplemental clerk's record and upon further order of this Court.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
7th day of February, 2022.