

# NUMBER 13-20-00413-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI − EDINBURG

THE STATE OF TEXAS,                                                          Appellant,

v.

ERIC SCARBERRY,                                                              Appellee.

### On appeal from the 156th District Court
### of Bee County, Texas.

# ORDER OF ABATEMENT

### Before Chief Justice Contreras and Justices Benavides and Longoria
### Order Per Curiam

The State of Texas appeals from the trial court's suppression of Eric Scarberry's statement to law enforcement. *See* Tex. Code Crim. Proc. Ann. art. 44.01(a)(5). On appeal, the State argues Scarberry's statement was voluntarily made.

In his motion to suppress statement, Scarberry argued, among other things, that any statement given to law enforcement was not given voluntarily. At the suppression hearing on Scarberry's motion, the State argued his statement was voluntarily made and orally requested findings of fact and conclusions of law on the issue of voluntariness from the court. The appellate record does not contain the trial court's written findings of fact and conclusions of law as to the voluntariness of Scarberry's statement.

Article 38.22, § 6 of the Texas Code of Criminal Procedure states in relevant part, "In all cases where a question is raised as to the voluntariness of a statement of an accused, the court must make an independent finding in the absence of the jury as to whether the statement was made under voluntary conditions." *Id.* art. 38.22, § 6. The court of criminal appeals has held that "written findings are required in all cases concerning voluntariness. [Article 38.22, § 6] has no exceptions." *Vasquez v. State*, 411 S.W.3d 918, 920 (Tex. Crim. App. 2013). Thus, a court of appeals errs by not abating for the requisite findings, even where neither party requested written findings at any level of the proceedings. *See id.*

Therefore, while the State has not objected to the absence of findings of fact or conclusions of law on the issue of involuntariness, we must abate this case, remand it for preparation of the trial court's findings of fact and conclusions of law pursuant to Texas Code of Criminal Procedure Article 38.22, § 6, and direct that the additional findings and conclusions be filed in this Court in a supplemental clerk's record.

Accordingly, we abate the appeal and remand the cause to the trial court for entry of findings of fact and conclusions of law on the voluntariness of Scarberry's statement pursuant to Article 38.22, § 6 of the Texas Code of Criminal Procedure. The trial court

shall make its findings and conclusions as ordered herein and cause a supplemental clerk's record containing its findings and conclusions to be filed with the Clerk of this Court within thirty (30) days from the date of this order. The appeal will be reinstated upon receipt of the supplemental clerk's record and upon further order of this Court.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
8th day of February, 2022.