

IN THE COURT OF CRIMINAL APPEALS
OF TEXAS

NO. AP-77,081

GUSTAVO TIJERINA SANDOVAL, Appellant

v.

THE STATE OF TEXAS

ON DIRECT APPEAL
FROM CAUSE NO. 2015-DCR-02443-C IN THE 197TH DISTRICT COURT
CAMERON COUNTY

ORDER

PER CURIAM.

In points of error three through seven, Appellant contends that recorded statements to law enforcement should have been suppressed because the statements were coerced, because law enforcement did not comply with *Miranda* and Texas Code of Criminal Procedure Article 38.22, and because the statements were otherwise involuntary. In his fifth subargument under point of error seven, Appellant contends that the case should be remanded for findings regarding the voluntariness of Appellant's statements. In footnote eleven of its brief, the State agrees with Appellant's observation that the trial court did not enter findings of fact on the voluntariness of his statements,

and the State says that it has "no opposition to remanding this issue to the trial court should this Court deem additional factual development necessary."

Section 6 of Article 38.22 requires written findings when the voluntariness of a confession is litigated and the trial court finds the confession to be voluntary and admissible.[1] We have held that the statute requires written findings even when they are not requested because "written findings are required in all cases concerning voluntariness" and "[t]he statute has no exceptions."[2] We find it appropriate to remand the case to the trial court to make such written findings.

In points of error eleven and twelve, Appellant complains that the trial court erred in hearing qualifications, excuses, and exemptions for three venire panels outside the presence of Appellant and his attorney. Parts of the record appear to be in conflict regarding whether Appellant and his attorney were present. The court reporter's record for each of the hearings indicates that Appellant and his attorney were not present and that they arrived after qualifications, excuses, and exemptions were determined.[3] But the docket sheet indicates that Appellant and his attorney were present on these occasions.[4] And in a hearing on Appellant's motion for mistrial, the trial court suggested that Appellant and his attorney were present:

Okay. Hold on. What I told you was, we had to qualify them just to make . . . certain

---

[1] TEX. CODE CRIM. PROC. art. 38.22, § 6 ("If the statement has been found to have been voluntarily made and held admissible as a matter of law and fact by the court in a hearing in the absence of the jury, the court must enter an order stating its conclusion as to whether or not the statement was voluntarily made, along with the specific finding of facts upon which the conclusion was based, which order shall be filed among the papers of the cause.").

[2] *Vasquez v. State*, 411 S.W.3d 918, 920 (Tex. Crim. App. 2013).

[3] *See* 27 RR at 3, 4, 11, and 17; 50 RR at 3, 4, 5, 19, and 20; 55 RR at 3, 4, and 17.

[4] *See* 10 CR at 4167, 4175, 4177.

that, you know, they were—they were a U.S. citizen and a citizen of Texas, presiding in . . . Just pre-qualifications. And I told you you didn't need to be there. *In fact, you were there, though.*[5]

It appears that there is an inaccuracy in either the clerk's record or the reporter's record. Pursuant to our authority to have an inaccuracy in the record corrected,[6] we conclude that a remand to the trial court is appropriate for a hearing and for findings of fact on whether there is an inaccuracy in the docket notations or in the court reporter's notations regarding whether Appellant and counsel were present for the three instances in which the trial judge heard qualifications, excuses, and exemptions for a venire panel.

Consequently, we remand this case for the trial court to make written findings, in compliance with Article 38.22, on the voluntariness of Appellant's recorded statements. We also remand this case for the trial court to conduct a hearing and make written findings with respect to whether there is an inaccuracy in the docket notations or in the court reporter's notations regarding whether Appellant and counsel were present when the trial judge heard qualifications, excuses, and exemptions for the venire panels. The trial court shall forward its findings within 60 days from the date of this order.

Filed: March 2, 2022

Do not publish

---

[5] 76 RR at 176-77 (emphasis added).

[6] *See* TEX. R. APP. P. 34.5(d), 34.6(e).