

# NUMBER 13-20-00220-CR

# COURT OF APPEALS

# THIRTEEN DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

PETER ISIAH UVALLE,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                    Appellee.

### On appeal from the 139th District Court
### of Hidalgo County, Texas.

# ORDER OF ABATEMENT

### Before Justices Longoria, Hinojosa, and Silva
### Order Per Curiam

This cause is before the Court on appellant Peter Isiah Uvalle's unopposed motion

to abate this appeal and remand to the trial court. Appellant contends the appellate record

does not contain written findings of fact and conclusions of law regarding the voluntariness of appellant's statement.

Section 6 of Article 38.22 of the Texas Code of Criminal Procedure requires written findings when the voluntariness of a confession is litigated, and the trial court finds the confession to be voluntary and admissible. TEX. CODE CRIM. PROC. art 38.22, § 6 ("If the statement has been found to have been voluntarily made and held admissible as a matter of law and fact by the court in a hearing in the absence of the jury, the court must enter an order stating its conclusion as to whether or not the statement was voluntarily made, along with the specific finding of facts upon which the conclusion was based, which order shall be filed among the papers of the cause."). The Texas Court of Criminal Appeals has held that the statute requires written findings even when they are not requested because "written findings are required in all cases concerning voluntariness" and "[t]he statute has no exceptions." *Vasquez v. State*, 411 S.W.3d 918, 920 (Tex. Crim. App. 2013).

Accordingly, we grant appellant's motion to abate, and we remand this cause to the trial court to make such written findings, in compliance with Article 38.22, on the voluntariness of appellant's statement. *See* TEX. CODE CRIM. PROC. art 38.22, § 6. Specifically, the trial court should make an order stating its conclusion as to whether or not the challenged statement was voluntarily made, along with specific finding of facts upon which the conclusion is based. The trial court shall cause its order, together with its findings and recommendations to be included in a supplemental clerk's record. Furthermore, the trial court shall cause a supplemental reporter's record of any proceedings to be prepared. The supplemental clerk's record and supplemental reporter's

2

record, if any, shall be filed with the Clerk of this Court on or before the expiration thirty days from the date of this order.

Having reviewed the record before this Court, we note that the State withdrew the complained of videotaped statement of appellant prior to trial and before a ruling could be obtained on appellant's motion to suppress. Accordingly, within ten days of this Court's receipt of the supplemental clerk's record and supplemental reporter's record, if any, we order appellant to file a letter brief regarding the necessity or usage on appeal of such findings of fact and conclusions of law as requested in his motion. Any response from the State will be due within ten days of receipt of appellant's letter brief.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
10th day of March, 2022.