

# NUMBER 13-19-00326-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

OSCAR DAVILA RODRIGUEZ,                                        Appellant,

v.

THE STATE OF TEXAS,                                        Appellee.

### On appeal from the 139th District Court of Hidalgo County, Texas.

# ORDER

### Before Chief Justice Contreras and Justices Benavides and Tijerina
### Order Per Curiam

Appellant Oscar Davila Rodriguez appeals his conviction of murder. *See* TEX. PENAL CODE ANN. § 19.02(b)(1). Appellant was first tried and convicted in 2006. The Hon. Bobby Flores presided over the trial and granted appellant's motion for new trial. Appellant's second trial, from which this appeal stems, commenced in 2008 and was presided over by visiting judge, the Hon. Jaime Garza.

Before both trials, appellant filed a motion to suppress his statement of accused. In his motion, appellant argued, among other things, that any statements he made to the McAllen Police Department investigators were not made voluntarily. Both judges in both trials held pre-trial suppression hearings on appellant's motion. At the suppression hearings, appellant raised the issue of the voluntariness of his statement of accused and objected to its entry into evidence on voluntariness grounds. Both judges denied appellant's suppression motion, and neither filed findings of fact and conclusions of law.

Because written findings and conclusions are required in any case concerning the voluntariness of a defendant's statement of accused, and because this appeal stems from appellant's second trial, we abated this appeal for Judge Garza's findings and conclusions on February 7, 2022. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22, § 6; *Vasquez v. State*, 411 S.W.3d 918, 920 (Tex. Crim. App. 2013) ("[W]ritten findings are required in all cases concerning voluntariness. [Article 38.22, § 6] has no exceptions.").

On March 4, 2022, the trial court informed this Court that it was seeking to temporarily appoint Judge Garza "for the limited purpose of rendering findings of fact and conclusions of law regarding" the voluntariness of appellant's statement of accused. On March 29, 2022, the trial court informed this Court that Judge Garza was unavailable and thus unable to prepare the required findings and conclusions, and that Judge Flores would render the findings and conclusions in Judge Garza's stead.

We received a supplemental clerk's record on April 5, 2022, with findings and conclusions prepared by Judge Flores based upon the transcripts and his recollection of the suppression hearing in appellant's first trial—over which Judge Flores presided. However, in "peculiar circumstances," such as in this case, where "the judge who

2

presided over a suppression hearing is unavailable or ineligible to be appointed to prepare findings of fact and conclusions of law, the current trial judge may prepare findings and conclusions based on the prior judge's ruling on the record and the transcript of the suppression hearing regarding whether a defendant's statement was voluntarily made." *Velez v. State*, No. AP-76,051, 2012 WL 2130890, at *13 (Tex. Crim. App. June 13, 2012) (not designated for publication) *cert. denied* 569 U.S. 968 (2013). As applied here, while Judge Flores may appropriately make findings of fact and conclusions of law, they must be based on the record and transcripts of the relevant suppression hearing in this case: the hearing over which Judge Garza presided on June 16–17, 2008. *See id.* Those relevant transcripts may be found in volumes five and six of the reporter's record contained within the appellate record filed in this case.

Accordingly, we order the trial court to make its findings and conclusions as ordered herein and cause a supplemental clerk's record containing the findings and conclusions to be filed with the Clerk of this Court within TEN days from the date of this order. The appeal will be reinstated upon receipt of the supplemental clerk's record and upon further order of this Court.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed on the
6th day of April, 2022.