

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. AP-77,091

**RONALD LEE HASKELL, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON DIRECT APPEAL FROM CAUSE NO. 1434395
### IN THE 351ST JUDICIAL DISTRICT COURT
### HARRIS COUNTY

### <u>ORDER</u>

*Per curiam*.  **YEARY, J., concurred. MCCLURE, J., did not participate.**

In *State v. Cullen*, we held that even if statute does not otherwise provide for the issuance of findings, a party who loses on a motion to suppress is entitled to findings of fact upon request.[1] The question before us is whether, after he requested findings, Appellant later forfeited his *Cullen* right by failing to timely point out that the findings were overdue. When Appellant was sentenced in

---

[1]  195 S.W.3d 696, 699 (Tex. Crim. App. 2006).

October 2019, suppression-hearing findings that Appellant had requested and that the trial judge had agreed to make were almost two months overdue. Despite this fact, trial counsel failed to follow up on his request with the trial judge. On March 3, 2020, the trial judge lost his primary election. At that time, Appellant's appellate counsel had access to the clerk's record, which included the motions to suppress and docket sheets showing they were denied, but which did not include any findings. Despite having ten months' notice that the judge who presided over the suppression hearing would leave the bench at the end of 2020, appellate counsel took no steps to secure findings until after the judge had left office. We hold that, under these circumstances, Appellant forfeited his right to findings. Consequently, although we initially granted Appellant's motion to remand for findings, we now grant the State's motion for reconsideration and withdraw our remand order.

In response to the State's motion for reconsideration, we ordered the parties to brief the following issue:

> Did Appellant's failure to notify the trial court that findings were past due while the trial judge who presided over the hearing still held his position result in a forfeiture of Appellant's right to findings under *Cullen*?

Looking to a civil rule for guidance, *Cullen* held that findings are due within twenty days after a timely request.[2] The findings in this case were requested on July 27, 2019, which means they were due by August 16, 2019. Appellant was sentenced to death on October 11, 2019, and trial counsel

---

[2] *Id.* (citing TEX. R. CIV. P. 297). We said that this twenty-day time limit would mean that the requirement to enter findings would not affect the time to perfect an appeal. *Id*. at 699-700. Appellant argues that the twenty-day requirement was *dicta*, but we conclude that the requirement was a holding of the case. But even if trial counsel understood the twenty-day requirement to be *dicta*, he at least should have known to ensure that the findings that he himself wanted were actually made at some point.

could have sought findings during that time, but he never did.[3] The findings were over six months past due by the time the clerk's record was filed on February 24, 2020. Appellate counsel did not point out the absence of findings until almost a year after that, on February 22, 2021. By that time, the trial judge who had presided over the suppression hearing was no longer on the bench.

The civil rule upon which *Cullen* relied included a provision that required a party to notify the trial judge if findings were past due within ten days after they were due.[4] That part of the rule was not specifically before us in *Cullen* and we did not adopt it, though *Cullen*'s reliance on the civil rule for the time limit for making findings would support adopting the balance of the rule in an appropriate case. But we need not adopt and apply the balance of that civil rule today to hold that the *Cullen* request here has been forfeited. More basic principles of error preservation come into play.

Under Rule 33.1, a party must make a timely request or objection and obtain a ruling to preserve error.[5] If the ruling is adverse, a proper objection under Rule 33.1 is all that is necessary to preserve error.[6] But if the ruling is favorable, a party is required to object if circumstances

---

[3] More than twenty days had elapsed since the request by the time the guilt stage of trial began—August 26, 2019. The judge who presided over the suppression hearing had not presided over jury selection but had returned for the guilt stage of trial.

[4] TEX. R. CIV. P. 297.

[5] TEX. R. APP. P. 33.1(a) ("As a prerequisite to presenting a complaint for appellate review, the record must show that . . . the complaint was made to the trial court by a timely request, objection, or motion . . . and . . . the trial court . . . ruled on the request, objection, or motion, either expressly or implicitly.").

[6] *Haley v. State*, 173 S.W.3d 510, 516 (Tex. Crim. App. 2005).

subsequently show that a trial judge's favorable ruling is not being enforced.[7] When the trial judge agreed to issue findings, he made a favorable ruling. After twenty days, the findings were past due and the favorable ruling was not being enforced. At that point, Appellant had an obligation under ordinary principles of procedural default to timely bring that fact to the trial judge's attention.

The remaining question is whether Appellant's 2021 reiteration of his request for findings was timely. Clearly it was not, because Appellant's attorneys allowed more than a year to pass after the findings became due, with the result that the trial judge is no longer eligible to make findings.

Appellate counsel argues that once the trial judge agreed to make findings, trial counsel had no reason to believe any follow-up was necessary. He claims that Texas law has never required anything other than a timely request for findings. But as we said in *Wilson*, a party who has received a favorable ruling must follow up on the request if it is not being enforced.[8]

Appellate counsel also claims that circumstances excuse his late request. In this case, there were circumstances that could have put appellate counsel on notice of the lack of findings while the trial court still had an opportunity to make them. But it is usually up to trial counsel to ensure that the record that goes up on appeal includes what he wants it to include, and we believe that is so here.[9]

---

[7] *Wilson v. State*, 7 S.W.3d 136, 144 (Tex. Crim. App. 1999).

[8] Findings under TEX. CODE CRIM. PROC. Article 38.22 are required even absent a request, *Vasquez v. State*, 411 S.W.3d 918, 920 (Tex. Crim. App. 2013), so there is no occasion in that situation to enforce a favorable ruling on a request. But the holding in *Cullen* is a court-created rule that is applicable only when a party seeks findings.

[9] If trial counsel told appellate counsel that Appellant was entitled to findings but they had not yet been made, then appellate counsel might have some responsibility to obtain findings. Appellate counsel's statement about receiving the court reporter's record late suggests there was no such communication. Whether or not there was such a communication in this case, the follow-up

Now it is too late for the judge who presided over the suppression hearing to issue findings. Any findings issued by a surrogate judge will not be based on observing the testimony of witnesses but will be based on a cold record. If we were in this position despite a timely effort by Appellant to remind the trial judge of his request for findings, we would agree to having the findings issued by the new trial judge.[10] But the benefits of having a trial judge make findings on a cold record are too slim to require that procedure here.

We grant the State's motion for reconsideration, and we withdraw our prior remand order.

Filed: August 24, 2022

Publish

---

of the earlier request for findings was untimely—either entirely through the fault of trial counsel or through the fault of both trial and appellate counsel.

[10] *See Manzi v. State*, 88 S.W.3d 240, 243-44 (Tex. Crim. App. 2002) (quoting *Anderson v. City of Bessemer City, North Carolina*, 470 U.S. 564, 573-574 (1985)) ("The rationale for deference to the original finder of fact is not limited to the superiority of the trial judge's position to make determinations of credibility. The trial judge's major role is the determination of fact, and with experience in fulfilling that role comes expertise.").