**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-21-00209-CR**
_____

**DAVID SCOTT ROSE, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 411th District Court**
**Polk County, Texas**
**Trial Cause No. 27535 (4 Counts)**

**ORDER**

In a single issue on appeal, Appellant contends that the trial court erred in failing to suppress the video statement of his oral statement to law enforcement where he challenged the voluntariness of the statement, and in failing to give a jury instruction under Articles 38.22 and 38.23. *See* Tex. Code Crim. Proc. Ann. arts. 38.22, 38.23.

In Appellant's motion to suppress in the trial court, he argued that "[a]ny statement defendant might have made was involuntary, and in violation of the 5th

1

and 14th Amendments to the Constitution of the United States of America, of article I § 10 of the Texas Constitution, and of articles 38.22 and 38.23 of the Texas Code of Criminal Procedure." After a hearing, the trial court denied the motion. The record does not reflect that either party requested written findings, and none were made.

Section 6 of Article 38.22 requires written findings when the voluntariness of a confession is litigated and the trial court finds the confession to be voluntary and admissible. *See Sandoval v. State*, No. AP-77,081, 2022 Tex. Crim. App. LEXIS 844, at *33 (Tex. Crim. App. Dec. 7, 2022). The statute requires written findings even if they were not requested by the parties because "'written findings are required in all cases concerning voluntariness'" and "'[t]he statute has no exceptions.'" *See id.* (quoting *Vasquez v. State*, 411 S.W.3d 918, 920 (Tex. Crim. App. 2013)). On appeal, Appellant does not challenge the failure of the trial court to make written findings. That said, we note the wording of the statute requires such findings. Therefore, we abate the appeal and remand this case for the trial court to make written findings in compliance with Article 38.22. *See Sandoval v. State*, No. AP-77,081, 2022 Tex. Crim. App. Unpub. LEXIS 114, at *3 (Tex. Crim. App. Mar. 2, 2022); *see also Sandoval*, 2022 Tex. Crim. App. LEXIS 844, at **33-34. The trial court shall forward its findings within 30 days from the date of this order. The appeal will be reinstated upon our receipt of the trial court's findings.

ORDER ENTERED December 15, 2022.

PER CURIAM

Before Golemon, C.J., Kreger and Johnson, J.J.

2